**KENRICH CORPORATION** To the Use of Jerome Kline

v.

Stanton R. MILLER, Robert B. Miller, Joseph X. Yaffe, Marvyn Gould, Elmer G. Blank, Stephen J. Kline, Michael M. Brodsky, Samuel Seitchick, Irvin Foster, Leonard A. Levine and John H. Seeton.

Civ. A. No. 39075.

United States District Court
E. D. Pennsylvania.
July 15, 1966.

Benjamin Paul, Philadelphia, Pa., for plaintiff.

Israel Packel, Philadelphia, Pa., for defendants, Stanton R. Miller and Robert M. Miller.

Detweiler, Sherr, Huhn & Hughes, Philadelphia, Pa., for defendants, Joseph X. Yaffe and Marvyn Gould.

Emanuel Moss, Philadelphia, Pa., for defendant, Elmer G. Blank.

Jerome R. Verlin, Verlin & Goldberg, Philadelphia, Pa., for defendant Stephen J. Kline.

I. Raymond Kremer, Philadelphia, Pa., for defendant, Michael M. Brodsky.

Joseph L. Ehrenreich, Philadelphia, Pa., for defendant, Samuel Seitchick.

Ronald N. Rutenberg, Philadelphia, Pa., for defendant, Irvin Foster.

Frank F. Truscott, Philadelphia, Pa., for defendant, Leonard A. Levine.

Thomas Raeburn White, Jr., Philadelphia, Pa., for defendant, John H. Seeton.

## OPINION AND ORDER

CLARY, Chief Judge.

This action is brought under the caption of "Kenrich Corporation To the use of Jerome Kline" against the named defendants to recover the sum of $10,500,-000. The cause of action arises out of alleged malfeasance, fraud, and negligence, of the defendants while they were officers and directors of Standard Toch Industries, Inc., (hereafter "Standard Toch") and/or the First Central Corporation. The case is presently before the Court on Motions to Dismiss filed by the various defendants.

For some years plaintiff, Jerome Kline, was president, director and principal stockholder of a company originally known as First Central Corporation and later as Standard Toch Industries, Inc. In 1961, Jerome Kline and others sold their controlling interest in such company to Kenrich Corporation (hereafter "Kenrich"). The latter used its then controlling interest in Standard Toch to merge the latter into itself in 1962. Kenrich is a Delaware corporation and Jerome Kline is a citizen of New York. In an assignment dated May 15, 1963, Kenrich purported to transfer to Jerome Kline the right to prosecute a suit against the former directors of Standard Toch. This attempted assignment was part of a general agreement between Kenrich and Jerome Kline in which they stated their intent "amicably to resolve their differences." Page 3 of this agreement stated that:

"3. Kline shall be entitled, at his own expense, in his name to proceed against the former directors and officers of Standard Toch Co., Inc. Kenrich shall make available to Kline at reasonable times any and all books and records, documents, correspondence and any other material of Standard Toch Industries, which Kline may reasonably request in connection with said lawsuit.

Further, Kline shall have the right to institute suit on behalf of Kenrich and retain 66⅔% of the proceeds

thereof after payment of legal and all other expenses and fees in connection therewith (for which he shall be liable), in the event Kenrich shall fail to prosecute such suit within 90 days after Kline shall have presented to it the factual basis for such claim, together with his request that it so prosecute. However, if upon the making of such request, Kenrich shall proceed with due diligence to prosecute such suit, at its own expense, then Kline shall be entitled to 25% of such proceeds. If in the latter event, suit is not instituted by Kenrich within 90 days, then Kline may proceed as set forth in the first sentence of this sub-paragraph."

This agreement was ratified and approved by Kenrich's Board of Directors on July 18, 1963.

On October 20, 1965 the complaint in the instant case was filed. Defendants are citizens of Pennsylvania and jurisdiction is based on diversity of citizenship. Defendant Stephen J. Kline argues that Kenrich had no right of action against defendants as of May 1963. Therefore, it would be manifestly impossible for Kenrich to have assigned any such rights to Jerome Kline. Whether or not Kenrich has any proper cause of action against the defendants need not be decided here. In any event, the present suit is not brought by the real party in interest under F.R.Civ.P. 17(a) and must be dismissed for this reason.

■ The caption in this case inappropriately reads "Kenrich Corporation To the use of Jerome Kline." However, the complaint as a whole clearly states that Jerome Kline is the person suing. His sole basis for this suit is the assignment to him of Kenrich's rights against defendants.[1] Under common law

pleading, an action might not be brought by the assignee of a chose, but only in the name of the assignor "to the use of" the assignee. 2 Barron and Holtzoff, Federal Practice, § 482 at page 6 (Wright ed. 1961). This is unnecessary under the Federal Rules, and a valid assignee can sue in his own name. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 381, 70 S.Ct. 207, 94 L.Ed. 171 (1949).[2]

■ F.R.C.P. 17(a) states that "[e]very action shall be prosecuted in the name of the real party in interest." This has been defined as the person who "by the substantive law has the right to be enforced." 3 Moore's Federal Practice, par. 17.02 at page 1305 (2nd. ed. 1964). The purpose behind this requirement is to protect individuals from the harassment of suits by persons who do not have the power to make final and binding decisions concerning prosecution, compromise and settlement. See Celanese Corp. of America v. John Clark Industries, Inc., 214 F.2d 551, 556 (5 Cir. 1954); Sigma Engineering Service, Inc. v. Halm Instrument Co., 33 F.R.D. 129 (E.D.N.Y.1963). Whether a plaintiff is the real party in interest is to be determined by reference to the applicable substantive state law, Hoeppner Construction Co. v. United States for Use of Mangum, 287 F.2d 108, 111 (10 Cir. 1960). See also Van Dusen v. Barrack, 376 U.S. 612, 640, 84 S.Ct. 805, 11 L.Ed. 2d 945 (1964); Underwood v. Maloney, 256 F.2d 334, 337 (3 Cir. 1958), cert. denied 358 U.S. 864, 79 S.Ct. 93, 3 L.Ed. 2d 97 (1958). The parties agree that the law to be applied in this case is that of Pennsylvania. It need not be decided whether this claim was capable of being validly assigned. Under Pennsylvania

---

1. In fact, any personal right which Kline might have earlier had to bring a corporate derivative action against Standard Toch's directors was probably lost when he transferred his stock to Kenrich Corporation. See F.R.C.P. 23(b) and Watson v. Button, 235 F.2d 235 (9 Cir. 1956).

2. F.R.C.P. 17(a) states that "when a statute of the United States so provides, an

action for the use or benefit of another shall be brought in the name of the United States." The most common instance of the use of this statutory caption is in suits by materialmen on performance bonds. However, this statutory caption has no application in an ordinary suit by an assignee.

law, the attempted assignment from Kenrich to Jerome Kline is void as champertous and against public policy, and vested no rights in Kline sufficient to maintain this cause of action. The Pennsylvania Supreme Court has said that:

" 'A bargain to endeavor to enforce a claim in consideration of a promise of a share of the proceeds, or of any other fee contingent on success, is illegal, if it is also part of the bargain that the party seeking to enforce the claim shall pay the expenses incident thereto' (Restatement, Contracts, § 542) unless such party (section 543) already has or reasonably believes he has an interest recognized by law in the claim." Ames v. Hillside Coal & Iron Co., 314 Pa. 267, 272, 171 A. 610, 612 (1934).

Under the above rule, the attempted transfer is clearly champertous. It was a bargain by Kline, who had no independent interest in this claim, to attempt to enforce this cause of action in return for a share of the proceeds. It does not purport to transfer to Kline the actual right of action against these defendants. The document does not state that it is assigning "the cause of action." Kline is merely given the right "to proceed" against defendants. He is not given the ability to compromise, settle or abandon this claim—important indicia of ownership. In fact, Kenrich and Kline each have alternative rights to prosecute this action at their own expense. The share of Kline in the proceeds would, in turn, depend on by whom suit was actually brought.

Therefore, this attempted assignment was completely ineffective to transfer any rights to Jerome Kline. Since Kline is consequently not the person who possesses any substantive right to proceed against defendants, this suit must be dismissed under F.R.C.P. 17(a) as not brought by the real party in interest.

In light of the above, it is not necessary for this Court to determine whether Kline is estopped from bringing this suit by the stipulation entered into un-

der the auspices of the Philadelphia Common Pleas Court, or whether the pendency of a prior action in this Court requires the dismissal of this case. It should finally be noted that the dismissal of this action is without prejudice as to Kenrich Corporation itself.