In re Allen W. ANDERSON and Victoria R. Anderson, Debtors.

**FIDELITY BOND AND MORTGAGE COMPANY, Plaintiff,**

v.

**Allen W. ANDERSON and Victoria R. Anderson, Defendants.**

**Bankruptcy No. 80–01016K.
Adv. No. 80–0703K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Feb. 20, 1981.

John Swartz, and Alan H. Gilbert, Philadelphia, Pa., for plaintiff.

Arthur McWilliams, Philadelphia, Pa., Interim Trustee.

Thomas J. Turner, III, Philadelphia, Pa., for debtors/defendants.

Margaret Graham, Philadelphia, Pa., Standing Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Fidelity Bond and Mortgage Company ("Fidelity") has commenced an adversary proceeding to vacate the automatic stay imposed by Bankruptcy Code § 362 in order to permit it to proceed to Sheriff's sale.

The debtors request that the stay be continued because the case has been converted from a Chapter 13 proceeding to Chapter 7.

After a final hearing, pursuant to Bankruptcy Code § 362(e), the court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Plaintiff, Fidelity, is mortgagee of a mortgage given and executed by the above named debtors/defendants dated October 14, 1976, secured on premises 6607 North 10th Street, Philadelphia, Pennsylvania, recorded in Philadelphia County in Mortgage Book DDC No. 998 Page 034.

2. Debtors, Allen W. Anderson and Victoria R. Anderson, debtors, reside at 6607 North 10th Street, Philadelphia, Pennsylvania.

3. The aforesaid mortgage is in default in that the debtors, have failed to make payments of monthly installments of principal and interest for the month of October 1979 and each month thereafter.

4. On April 25, 1980, plaintiff filed a Complaint in Mortgage Foreclosure in state court.

5. Judgment for Fidelity was entered on said Complaint in Mortgage Foreclosure and a Writ was issued for Sheriff's sale.

6. On May 8, 1980, debtors filed a Chapter 13 petition and have since requested conversion to Chapter 7.

## DISCUSSION

A request for relief from the automatic stay is governed by Bankruptcy Code § 362(d), 11 U.S.C. § 362(d), which states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) With respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Fidelity alleges two (2) grounds for relief from the automatic stay: (1) lack of adequate protection of their interest in the property, and, alternatively; (2) that the defendants-debtors do not have an equity in the property and the property is not necessary to an effective reorganization.

The plaintiff need establish only one of these alternatives, found in § 362(d)(1), to support its claims for relief. *See In re Ruark*, 7 B.R. 46 (D.Conn.1980).

■ Fidelity, as the party requesting relief, has the burden of proof on the issue of the debtors' equity, or lack of equity, in the subject property. *See* § 362(g)(2). No evidence regarding equity was presented at trial. Accordingly, the plaintiff has failed to meet its burden of proof as to lack of equity and relief from the automatic stay under § 362(d)(2) may not be granted. Fidelity has established the requisite "cause" for the lifting of the stay under § 362(d)(1).

■ On the issue of adequate protection, the burden of proof is upon the debtors. *See* § 362(g)(2). Debtors have failed to meet this burden and merely raised the conversion to Chapter 7 as a ground for not lifting the stay.

Debtors' argument lacks merit because it is clear that the automatic stay provisions apply generally to all cases under Chapters 7, 11 and 13. *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess. 6 (1977), U.S.Code Cong. & Admin.News 1978, 5787. Therefore, this court is empowered to modify the automatic stay in cases converted from Chapter 13 to 7.

At the time of trial, the issue of joining the Chapter 13 trustee was not raised. However, we now agree with the debtor that the Chapter 7 trustee may desire an opportunity to be heard on this issue and by Order, will provide such an opportunity.

■ As stated, the mortgage is in default, debtors having failed to make any mortgage payments since the creation of the mortgage. As a court of equity, the bankruptcy court must consider "the impact of the stay on the parties and the 'balance of hurt' in fashioning relief." *In re Epps*, 2 B.R. 737, 6 B.C.D 379 (Bkrtcy.S.D.N.Y. 1980); *In re San Clemente Estates*, 5 B.R. 605, 6 B.C.D. 838 (Bkrtcy.S.D.Cal.1980). The evidence leads this court to conclude that continuance of the stay will hurt the mortgagee to a greater extent than vacation of the stay will impair the rights of the debtors. Section 362(g)(2) clearly places the burden of proving otherwise on the debtors and they have failed to do so.

Accordingly, an appropriate Order will be fashioned to permit plaintiff to proceed with foreclosure.

## CONCLUSIONS OF LAW

1. The plaintiff, Fidelity Bond and Mortgage Company, has sustained its burden of establishing "cause" for the lifting of the stay as required under Code § 362(d)(1), 11 U.S.C. § 362(d)(1).

2. The debtors have not sustained their burden of proving that they have furnished Fidelity with adequate protection of its interest in the mortgaged property.

3. Fidelity is entitled to an order modifying the automatic stay and to the relief requested in the Complaint.