In re Marvin A. HINKLE, Jr. and Patricia A. Hinkle, Debtors.

**BOULEVARD MORTGAGE COMPANY, Plaintiff,**

v.

**Marvin A. HINKLE, Jr. and Patricia A. Hinkle and Margaret Graham, Trustee, Defendants.**

Bankruptcy No. 80–02881G.

Adv. No. 81–0971G.

United States Bankruptcy Court, E. D. Pennsylvania.

Sept. 24, 1981.

As Amended Nov. 24, 1981.

Edward J. Hayes, Philadelphia, Pa., for plaintiff, Boulevard Mortgage Co.

Terris Green, Philadelphia, Pa., for defendants, Marvin A. Hinkle, Jr. and Patricia A. Hinkle.

Margaret Graham, Philadelphia, Pa., Trustee in the chapter 13 case.

Leonard P. Goldberger, Philadelphia, Pa., Trustee in the chapter 7 case.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge:

The issue presented is whether the mortgagee is entitled to relief from the automatic stay pursuant to § 362(d)(1) of the Bankruptcy Code ("the Code") "for cause" where the debtors have failed to make their current mortgage payments since the filing of the debtors' chapter 13 petition (a period of 10 months). We conclude that the mortgagee is entitled to the requested relief.

The facts of the instant case are as follows:[1] On November 5, 1980, Marvin A. and Patricia A. Hinkle ("the debtors") filed a petition for an adjustment of their debts under chapter 13 of the Code. On August 3, 1981, Boulevard Mortgage Company ("the mortgagee") filed a complaint against the debtors seeking relief from the automatic stay to permit it to proceed with foreclosure proceedings on its mortgage on the debtors' residence located at 315 West Crown Street, Philadelphia, Pennsylvania.

At the hearing held on that complaint on August 26, 1981, the mortgagee asserted that it was entitled to relief from the automatic stay provisions of § 362(a) because the debtors had failed to make any of their current mortgage payments since the filing

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

of their petition. The mortgagee asserted that that fact constituted sufficient "cause" to entitle it to the requested relief pursuant to § 362(d)(1).[2] While the debtors admitted that they had not made the current payments to the mortgagee, they asserted that the mortgagee was not entitled to relief from the stay for two reasons.

■ The first defense raised by the debtors is that, although they had failed to remit the current mortgage payments to the mortgagee, they had paid those payments to their attorneys each month. However, the debtors' attorneys refused to turn those funds over to the mortgagee because they assert that, with the conversion of the debtors' case to a case under chapter 7, that money is property of the estate. Therefore, the debtors' attorneys refuse to turn those funds over to the mortgagee without having the new trustee abandon them or without an order of this court directing them to do so.

We find this defense of the debtors to be without merit for two reasons: First, we disagree with the assertion of the debtors' attorneys that they cannot turn over those funds because they are property of the estate. Apparently, the funds held by the attorneys consist, at least in part, of wages earned by the debtors *after* the commencement of their chapter 13 case. As such those funds are not property of the estate in the chapter 7 case since they are not property in which the debtors had an interest as of the commencement of the case and conversion of the case does not change the date of the commencement of the case for purposes of § 541(a). *See* 11 U.S.C. §§ 348(a) and 541. Consequently, the refusal of the debtors' attorneys to remit those funds to the mortgagee, as apparently the

debtors request, appears to be unreasonable and a mere delaying tactic.

There is, however, a second reason why we find the debtors' first defense to be without merit. That is that the debtors, and their attorneys, have offered no excuse for their failure to make the current mortgage payments as required by their mortgage agreement. There was no evidence presented at the trial herein that the mortgagee had refused to accept those payments thus compelling the debtors' attorneys to hold those funds. Instead, the mortgagee asserted that it had made several requests for the current mortgage payments prior to the conversion of the case and never received any satisfaction from the debtors or their attorneys. The mortgagee asserts that it was for that reason that it was finally compelled to file a complaint for relief from the stay. Based on this factual background, we conclude that the failure of the debtors to make the current mortgage payments since the commencement of their case some 10 months ago is sufficient cause to entitle the mortgagee to a modification of the stay where the debtors have offered no good reason for their failure to make those payments, either when they came due or now.

■ The debtors raise as a second defense, however, that the conversion of their case to a case under chapter 7 makes moot the issue of relief from the automatic stay. We also find no merit in this argument of the debtors. The stay provisions of § 362 of the Code apply to all cases under title 11, to cases under chapter 7 as well as under chapter 13. *See* 11 U.S.C. § 103(a). Furthermore, as we noted above, the conversion of a case does not affect the date of the commencement of the case nor obliterate all actions taken by creditors prior to the con-

---

2. Section 362(d)(1) provides:

    (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

    (1) for *cause* including the lack of adequate protection of an interest in property of such party in interest.
(Emphasis added). What constitutes sufficient cause depends on the circumstances of each case. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787.

version. *See* 11 U.S.C. § 348(a). In particular, we conclude that the conversion of a case does not make moot any adversary actions for relief from the stay which were commenced prior to conversion.[3]

However, we do agree with the debtors' assertion that the conversion of the debtors' case does affect a prior complaint for relief from the stay in one respect. That is, the conversion of a case generally results in the change of the identity of the trustee. Since the debtors' estate might have an interest in the property at issue in a complaint for relief from the stay and, therefore, the trustee must be named as a party defendant in such a complaint,[4] we conclude that when a case is converted prior to the trial of such a complaint the new trustee must be given an opportunity to ascertain whether he wants to interpose a defense in such an action. However, to prevent any unnecessary delay in these proceedings we will direct that the new trustee be substituted for the prior trustee as a party defendant and permit him a limited time to raise a defense herein. If the trustee fails to do so, our order will stand as is.

---

**3.** *See In re Anderson*, 9 B.R. 248 (E.D.Pa.1981).    **4.** *See In re DiBona*, 7 B.R. 798 (E.D.Pa.1980).