**In re Frank GALBRAITH, Maria Galbraith, his wife, Debtors.**

**CENTRAL MORTGAGE COMPANY, Plaintiff,**

**v.**

**Frank GALBRAITH and Maria Galbraith, Jonathan H. Ganz, Esquire, Trustee, Defendants.**

**Bankruptcy No. 80–00659G. Adv. No. 81–0275G.**

United States Bankruptcy Court, E. D. Pennsylvania.

April 21, 1982.

Peter M. McGonigle, Philadelphia, Pa., for plaintiff, Central Mortg. Co.

Dana McBride Breslin, Delaware County Legal Assistance Ass'n, Chester, Pa., for debtors/defendants, Frank Galbraith and Maria Galbraith.

Jonathan H. Ganz, Philadelphia, Pa., trustee/defendant.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether we should modify the automatic stay to permit the mortgagee to foreclose on the debtors' residence. We conclude that the mortgagee is entitled to such relief (1) "for cause" because the debtors are more than 24 months in arrears on the mortgage and (2) because the debtors have little, if any, equity in the property which equity is being eroded rapidly by the growing escrow deficit and the daily interest charges.

The facts of the instant case are as follows:[1] On April 2, 1980, Frank and Maria Galbraith ("the debtors") filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code"). Thereafter, on March 23, 1981, Central Mortgage Company ("the mortgagee") filed a complaint for relief from the stay against the debtors and the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

interim trustee.[2] A trial was held on that complaint at which time certain testimony was presented and the trial was continued pending a decision by us in a related case. Thereafter, in *In re Galbraith*,[3] we held that the debtors had the right to avoid the judgment lien held by the Commonwealth of Pennsylvania Department of Public Welfare on their residence.

Subsequently, the mortgagee and the debtors stipulated to certain facts, in lieu of further testimony. From that stipulation, the prior testimony and the admission contained in the debtors' answer, the following relevant facts emerge. The mortgagee has a mortgage on the residence of the debtors located at 735 Windsor Circle, Folcroft, Pennsylvania, on which there is a total balance due as of March 5, 1982, of $40,153.20. That total consists of a principal balance of $32,312.29; interest of $5,688.32; late charges of $658.87; and escrow deficit of $1,493.72.[4] The mortgage debt continues to increase by at least $8.08 per day which is the daily interest charge. The debtors last made a payment to the mortgagee on August 31, 1981, which payment was credited as the March, 1980, payment. The above mortgage appears to be the only encumbrance on the property since the debtors have avoided several judgment liens on their residence pursuant to § 522(f)(1) of the Code.[5] The only evidence presented as to the fair market value of the property in question was the fact that the debtors listed the property in their schedules as having a value of $41,000.00.

Section 362(d) of the Code provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

From the facts of the instant case, we conclude that the mortgagee is entitled to relief from the stay under either of the above two tests. Under § 362(d)(1), the court may modify the stay because the mortgagee's interest in the property is not being adequately protected or for other cause. The debtors assert that, in this case, the mortgagee is not entitled to relief from the stay pursuant to § 362(d)(1) because its interest is adequately protected by a guarantee by the Veterans Administration.[6] Although we have held that such a mortgage guarantee may be adequate protection under § 362(d)(1),[7] we conclude that that does

---

2. The interim trustee, Jonathan Ganz, did not file an answer or appear at the trial of the instant complaint.

3. 15 B.R. 549, 8 B.C.D. 672 (Bkrtcy.E.D.Pa. 1981).

4. The debtors did not object to any of the charges as being unreasonable or impermissible under the terms of the mortgage and, consequently, we conclude that those charges are properly included as part of the debt covered by the mortgage on the debtors' residence.

5. As stated above, we entered an opinion and order permitting the debtors to avoid the judgment lien of the Department of Public Welfare. *See In re Galbraith*, 15 B.R. 549, 8 B.C.D. 672 (Bkrtcy.E.D.Pa.1981). By order of February 18, 1981, we also permitted the debtors to avoid several other judgment liens on their residence pursuant to § 522(f)(1) of the Code. Section 522(f)(1) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien.

11 U.S.C. § 522(f)(1).

6. *See* 38 U.S.C. § 1801 *et seq.* and 38 C.F.R. § 4201 *et seq.*

7. *See, e.g., In re DiBona*, 9 B.R. 21 (Bkrtcy.E.D. Pa.1981). *Cf. In re Roane*, 8 B.R. 997, 3 C.B. C.2d 690 (Bkrtcy.E.D.Pa.), *aff'd* 14 B.R. 542 (E.D.Pa.1981) (F.H.A. mortgage guarantee may also be adequate protection).

not dispose of the issue of relief under § 362(d)(1). This is so because we conclude that the mortgagee is entitled to relief from the stay under that subsection "for cause" because of the fact that the debtors are more than two years in arrears on the mortgage. Although the Code was intended to afford financially troubled debtors a breathing spell from their creditors, it was not Congress's intent to allow debtors to remain in their homes while failing to pay the current mortgage payments for over two years. Such is an abuse of the protection given by the Code and is sufficient "cause" to modify the stay pursuant to § 362(d)(1).[8]

We likewise conclude that the mortgagee is entitled to relief from the stay pursuant to § 362(d)(2). From the figures offered herein, the debtors had an equity in the property as of March 5, 1982, of only $846.80 ($41,000.00 minus $40,153.20). That equity is decreasing daily by $8.08 in interest charges. We conclude, therefore, that if the debtors have any equity in the subject property, that equity is *de minimus*.[9] Furthermore, since the debtors have apparently made no effort to protect that equity (by making current mortgage payments, for instance), that equity will shortly disappear because of the daily interest charges. We conclude, therefore, that there is insufficient equity in the debtors' residence to protect it under § 362(d)(2). In addition, because the instant case is one under chapter 7 of the Code, the issue of whether the property in question is necessary to an effective reorganization of the debtors is inapplicable.[10]

For all of the above reasons, we conclude that the mortgagee is entitled to relief from the stay to permit it to proceed with mortgage foreclosure against the debtors' residence.

**8.** *Accord In re Hinkle*, 14 B.R. 202 (Bkrtcy.E.D. Pa.1981).

**9.** *See, e.g., In re Castle Ranch of Ramona, Inc.*, 3 B.R. 45, 5 B.C.D. 1386 (Bkrtcy.S.D.Cal.1980) (relief from the stay granted where debtor had equity of only $150,000 in a property worth $1.6 million where interest was accruing at rate of almost $10,000 per month); *In re Pitts*, 2 B.R. 476, 5 B.C.D. 1129 (Bkrtcy.C.D.Cal.1979)

(held that equity cushion of $20,000 in a property worth $125,000 was minimal and required a continuance of the trial for a reanalysis of the protection afforded by the equity cushion).

**10.** *See, e.g., In re Preuss*, 15 B.R. 896, 8 B.C.D. 563 (Bkrtcy.App. 9th Cir. 1981); *In re Moore*, 5 B.R. 449 (Bkrtcy.D.Md.1980); *In re Stewart*, 3 B.R. 24, 2 C.B.C.2d 529 (Bkrtcy.N.D.Ohio 1980).