In re The **TRIDENT CORPORATION,**
Debtor.

**UKRAINIAN SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**The TRIDENT CORPORATION,**
Defendant.

**Bankruptcy No. 81–00097K.
Adv. No. 81–0241K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

May 11, 1982.

John T. Curtin, Philadelphia, Pa., for debtor/defendant.

William J. McDevitt, Philadelphia, Pa., for plaintiff.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case comes before the Court on a complaint for relief from the automatic stay imposed by § 362 of the Bankruptcy Code. Plaintiff holds the first mortgage on property owned by the debtor. The Court will grant relief from the stay and enter an appropriate Order.[1]

The debtor, Trident Corporation, filed a petition for relief under Chapter 11 of the Bankruptcy Code in January of 1981. In March of 1981, the plaintiff, Ukrainian Savings and Loan Association filed the instant complaint. Trial commenced on April 28, 1981, and testimony was taken in part. The parties did not request that the hearing be reconvened until March 2, 1982, when testimony was concluded. Then the Court held the case under advisement and requested the parties to submit memoranda of law.

Under § 362(d), there are two (2) grounds for relief from the stay.[2] The plaintiff alleged both of these grounds in their amended complaint. The testimony at the trial focused largely on the issue of the value of the property. This issue arose because the debtor lacked any equity, relief should be granted pursuant to § 362(d)(2).

Testimony from professional real estate appraisers was introduced by both the plaintiff and the defendant. The plaintiff's appraiser estimated the fair market value of the premises to be $220,000. The appraiser, called as a witness by the debtor, stated the value of the property to be over $400,000. The Court finds that the testimony of the debtor's appraiser is not completely reliable. This appraiser used a cost of replacement approach as the basis for his valuation. Other appraisal methods were disregarded, supposedly, because of the unique nature of the subject property. The appraisal report was compiled several years ago and updated through reliance on a general consumer price index. The Court finds this approach to determining value is too greatly influenced by inflation. The value applied to the property by this method is artificially high. On the other hand, the plaintiff's appraiser relied almost exclusively on a comparable sales approach to value. He did not take into account the nature of the improvement on the property. This building is an attractively restored, certified historical site. Considering the quality of the building, the Court finds the fair market value to be $280,000.

Other testimony showed the debtor's total secured obligations to be approximately $250,000. Contrary to the assertion by counsel for the debtor, all secured obligations must be totaled when the debtor's equity in property is determined. *In re Dallasta*, 7 B.R. 883 (Bkrtcy.E.D.Pa.1980). In this case, the Court finds that there is an equity cushion of approximately $30,000 over and above the claims of secured creditors. Therefore, relief from the stay will not be granted under § 362(d)(2).

The plaintiff also sought relief under § 362(d)(1). Pursuant to this provision, the stay may be terminated "... for cause, including lack of adequate protection...." 11 U.S.C. § 362(d)(1). The debtor asserts that there is a substantial equity cushion which provides adequate protection for the plaintiff's interest.

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 362(d) provides:

    (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
    (2) with respect to a stay of an act against property, if—
    (A) the debtor does not have an equity in such property; and
    (B) such property is not necessary to an effective reorganization.
11 U.S.C. § 362(d).

It is true that an equity cushion may provide adequate protection. *In re Pitts*, 2 B.R. 476 (Bkrtcy.C.D.Calif.1979). In this case, however, the equity is insufficient to serve as adequate protection. There is slightly more than 10% leverage on this property. On the other hand, interest continues to accrue. Furthermore, the debtor has failed to pay real estate taxes or maintain insurance coverage on the property. The slim equity cushion, therefore, is being constantly eroded. In light of these circumstances, the equity cushion does not provide adequate protection. *See, In re Martin*, 19 B.R. 496 (Bkrtcy.E.D.Pa.1982).

Nor can the debtor assert that adequate protection is provided by continuing current payments. *See*, 11 U.S.C. § 361(1). The regular mortgage payments are not being made. Failure to maintain the regular payments after the filing of the petition, in and of itself, will constitute cause to grant relief from the stay. *In re Hinkle*, 14 B.R. 202 (Bkrtcy.E.D.Pa.1981).

In conclusion, the Court will enter an Order granting relief from the stay under § 362(d)(1).