22 B.R. 966 (1982)
In re A.Z.J.Z., INC., Debtor.
FAIRMONT FOODS COMPANY, Plaintiff,
v.
A.Z.J.Z., INC., Defendant.
Bankruptcy No. 82-00654G, Adv. No. 82-0521G.
United States Bankruptcy Court, E.D. Pennsylvania.
September 14, 1982.
Marshall A. Fleisher, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff, Fairmont Foods Co.
Allen B. Dubroff, Pincus, Verlin, Hahn, Reich & Goldstein, P.C., Philadelphia, Pa., for debtor/defendant, A.Z.J.Z., Inc.

OPINION
EMIL F. GOLDHABER, Bankruptcy Judge:
The issue at bench is whether the mortgagee is entitled to relief from the automatic stay provisions of section 362(a) of the Bankruptcy Code ("the Code") to permit it to resume execution proceedings presently pending in Delaware County, Pennsylvania, so that the premises in question may be sold at a sheriff's sale. We conclude that the mortgagee is entitled to such relief because we find that the mortgagee's interest is not adequately protected in that: (1) the debtor has, at best, only minimal equity in the property in question; (2) the debtor has made no payment of principal or interest since July, 1981; and (3) the debtor's "plan" to adequately protect the mortgagee is, at this juncture, mere conjecture and cannot, therefore, serve as adequate protection of the mortgagee's interest.
The facts of this case have been stipulated by the parties and are as follows:[1] On July 24, 1975, A.Z.J.Z., Inc. ("the debtor") executed a mortgage and mortgage note in the amount of $110,000.00 to Fairmont Foods Company ("the mortgagee") on premises located at 318-338 Woodland Avenue, Springfield Township, Delaware County, Pennsylvania ("the premises"). On July 24, 1980, the debtor executed a mortgage and note modification agreement in favor of the mortgagee wherein the debtor paid $5,000.00 to the mortgagee, which amount reduced the principal amount of the above-mentioned mortgage and mortgage note to $105,000.00. The agreement also expressly stated that the terms and conditions of the *967 mortgage and mortgage note remained in full force and effect.
Prior to the institution of the proceedings in bankruptcy, the debtor breached the terms of the aforementioned mortgage, mortgage note and mortgage and note modification agreement by failing to pay the principal and interest due thereunder. Consequently, the mortgagee elected to declare the entire unpaid principal balance and arrearages of interest thereon immediately due and payable. Upon the debtor's failure to make payment of all the unpaid principal and interest pursuant to the mortgagee's demand, the mortgagee entered a judgment[2] against the debtor in the amount of $125,003.35. Pursuant to said judgment, a writ of execution was issued by the Court of Common Pleas of Delaware County on December 29, 1981 and the premises were subsequently set for a sheriff's sale on February 19, 1982. Prior thereto, however, the debtor filed a petition for relief under chapter 11 of the Code on February 18, 1982 and all proceedings in execution on the aforesaid judgment in favor of the mortgagee were automatically stayed pursuant to section 362(a) of the Code. On March 5, 1982, the mortgagee filed its complaint for relief from the stay.
The debtor is presently in default under the mortgage, mortgage note and mortgage and note modification agreement for failing to pay the principal and interest due. As of March 31, 1982, the debtor owed the mortgagee: (1) the full principal sum of $105,000.00; (2) together with $18,177.05 in interest; and (3) $5,250.00 in attorney fees as provided for in the mortgage note. Interest on the debtor's obligation is accruing at the rate of $40.27 per day. In addition, the debtor owes approximately $4,000.00 in school, sewer and real estate taxes to Springfield Township, Delaware County. Finally, it is undisputed that the debtor has made no payment of either principal or interest since July, 1981.
Section 362(d) of the Code provides when relief from the stay shall be granted:
(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay 
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
(2) with respect to a stay of an act against property, if 
(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization.
11 U.S.C. § 362(d).
At the trial of the instant complaint, the debtor's appraiser testified that the subject premises has a current market value of $250,000.00 (N.T. 6/30/82 at 42). In sharp contrast, the mortgagee's appraiser testified that the said premises has a current market value of only $125,000.00 (N.T. 6/30/82 at 13). Assuming, arguendo, that the debtor's appraisal, although twice as great as the mortgagee's appraisal, is accurate, we conclude, nevertheless, that the debtor does not have sufficient equity in the property because the combined balance of all of the mortgages on the subject premises is, calculated up to the time of this hearing, at least $202,691.62.[3] Consequently, the resulting equity cushion, using the most optimistic appraisal, is only $47,308.38 which sum is yet subject to all the interest and costs on the second mortgage and the interest and costs accruing on the first *968 mortgage since June 30, 1982, the date of the hearing of the instant controversy. Therefore, we conclude that the mortgagee has carried its burden of proving that the debtor does not have sufficient equity in the subject premises.[4]
With respect to section 362(d)(1), we conclude that the mortgagee is entitled to relief thereunder because there is ample evidence to show that the mortgagee's interest is not adequately protected. The debtor has proposed that the mortgagee's interest is currently protected because there are three (3) prospective agreements of sale for the mortgaged premises. In addition, counsel for the debtor stated, as part of this proposal, that the debtor will begin to pay the monthly payments which are called for under the mortgagee's instrument while the prospective agreements of sale are being brought to settlement. Nevertheless, we conclude that the evidence presented at trial clearly reveals that the debtor's aforesaid proposal is tenuous and speculative and, therefore, cannot adequately protect the interest of the mortgagee.
Although the parties agree that the debtor has entered into an agreement of sale with a prospective purchaser for the sale of a portion of the mortgage premises for a total consideration of $38,000.00, the settlement date for this proposed sale has since passed and no documentary evidence was adduced at trial indicating that the potential purchaser is still willing to proceed with the sale.[5] In any event, the other two "agreements of sale" represent nothing more than "verbal discussions" with unnamed buyers for unspecified amounts. (N.T. 6/30/82 at 40). In addition, the debtor's offer to institute monthly payments under the mortgagee's instrument ignores the fact that that instrument calls for the entire principal amount to be paid off by the end of July, 1982. Consequently, we find that the debtor's proposal does not adequately protect the mortgagee's interest.[6]
The present record clearly indicates that ample "cause"[7] exists to justify modification of the stay. First, the mortgagee, as heretofore demonstrated, has established that the debtor does not have sufficient equity in the subject premises.[8] Second, the debtor has not made a single payment of principal or interest since July, 1981.[9] Third, the debtor's proposed plan to adequately protect the mortgagee's interest is conjectural only and cannot, in its present stage, serve to adequately protect the interest of the mortgagee. We conclude, therefore, that the mortgagee is entitled to relief *969 from the automatic stay pursuant to section 362(d)(1).[10]
NOTES
[1] This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.
[2] Court of Common Pleas of Delaware County, Pennsylvania, No. 11-20568 (December 29, 1981). See Stipulation ¶ 11.
[3] The premises in question is secured by: (1) a mortgage in favor of the present mortgagee, Fairmont Foods Company, under which $105,000.00 in principal balance is still due and owing; and by (2) a second mortgage in favor of Continental Bank under which $70,600.00 in principal balance is still due and owing. See Supplemental Stipulation ¶ 3 and ¶ 4. See also (N.T. 6/30/82 at 26, 27). The $105,000.00 and the $70,600.00 represent only the outstanding principal balances and do not include the interest and costs currently owed by the debtor or those principal balances.
[4] Section 362(g) allocates the burden of proof in a complaint for relief from the stay as follows:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section 
(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
(2) the party opposing such relief has the burden of proof on all other issues.
11 U.S.C. § 362(g).
[5] The debtor's president testified that the first "agreement of sale" is conditioned upon securing a zoning variance with the township. This variance has not yet been granted and the debtor's president testified that this first "agreement of sale" would be "off" if the variance was not granted (N.T. 6/30/82 at 40). In addition the debtor's president also testified that the other prospective "agreements of sale" involve the securement of the variance (N.T. 6/30/82 at 32).
[6] While "adequate protection" is not defined in the Bankruptcy Code, the legislative history of § 361 reflects the intent of Congress to give the courts the flexibility to fashion the relief in light of the facts of each case and general equitable principles. See H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 339 (1977), reprinted in 1978 U.S. Code Cong. & Ad. News 5787.
[7] See § 362(d)(1) of the Code cited in the text supra.
[8] Equity is not only relevant to subsection (d)(2) of § 362, it is also relevant to subsection (d)(1) on the issue of adequate protection. See In re DiBona, 9 B.R. 21 (Bkrtcy. E.D. Pa. 1981).
[9] It has been held that the failure to make current mortgage payments for a period of ten months is cause for modifying the stay. See In re Hinkle, 14 B.R. 202 (Bkrtcy. E.D. Pa. 1981).
[10] Section 362(d) permits modification of the automatic stay upon alternative grounds. Relief may be granted under § 362(d)(1) upon a finding that a debtor's interest in property is not adequately protected or under § 362(d)(2) upon a finding that the debtor has no equity in the property and that that property is not necessary to an effective reorganization. See In re Schramm, 12 B.R. 608 (Bkrtcy. E.D. Pa. 1981); In re Heath, 9 B.R. 665 (Bkrtcy. E.D. Pa. 1981).