**In re THREE TUNS, INC., Debtor.**

**ROYAL BANK OF PENNSYLVANIA**

v.

**THREE TUNS, INC.**

**Bankruptcy No. 83–00663G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 15, 1983.

David I. Grunfeld, Parker & Rutstein, Philadelphia, Pa., for mortgagee/plaintiff, Royal Bank of Pennsylvania.

John J. Ehlinger, Jr., Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for debtor/defendant, Three Tuns, Inc.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

A secured creditor has filed a request for relief under 11 U.S.C. § 362(d) of the Bankruptcy Code ("the Code") seeking a modification of the automatic stay imposed by § 362(a) in order to foreclose its mortgage on the debtor's real property. For the reasons stated herein we will grant the requested relief.

The facts of the case are as follows:[1] The Royal Bank of Pennsylvania ("the bank") lent the debtor $400,000.00 in 1980 in exchange for a first mortgage on a parcel of realty which is currently worth $750,-000.00. The debtor defaulted on the mortgage in May of 1982 and has made no payments on the debt since then. The debtor filed for relief under chapter 11 of the Code on February 15, 1983. As of July 31, 1983, the principal and interest due on the loan totaled approximately $477,406.00.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

The property is also encumbered by a second mortgage securing an indebtedness between $225,000.00 and $230,000.00.

Immediately upon the filing of a petition for reorganization under the Code an automatic stay arises which generally bars all debt collection efforts against the debtor or the property of the bankruptcy estate. § 362(a). The bank has commenced proceedings in this court pursuant to § 362(d) to modify the stay in order to foreclose its mortgage on the debtor's realty. Section 362(d) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Although the bank does not indicate which provision of § 362(d) it is relying on, it asserts, *inter alia,* that no payments toward interest or principal have been made since long before the filing of the petition and that no plan of reorganization has been proposed. In this district we have previously held that the continued failure to tender periodic payments to a secured creditor pursuant to the terms of an underlying loan can constitute "cause" for relief under § 362(d)(1),[2] although the "facts of each request will determine whether relief is appropriate under the circumstances." H.R. Rep. 95–595, 95th Cong., 1st Sess. 344 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6300. As we stated in *Central Mortgage Co. v. Galbraith (In Re Gal-*

*braith),* 19 B.R. 563, 565 (Bkrtcy.E.D.Pa. 1982):

[W]e conclude that the mortgagee is entitled to relief from the stay under [§ 362(d)(1) ] "for cause" because of the fact that the debtors are more than two years in arrears on the mortgage. Although the Code was intended to afford financially troubled debtors a breathing spell from their creditors, it was not Congress's intent to allow debtors to remain in their homes while failing to pay the current mortgage payments for over two years. Such is an abuse of the protection given by the Code and is sufficient "cause" to modify the stay pursuant to § 362(d)(1).

In the case at bench no payments have been made on the mortgage for the past nineteen months. No plan has been proposed and the testimony at the hearing afforded no satisfactory explanation for this failure. Under the authority of *Galbraith, supra,* we will grant relief from the stay.

**2.** *Boulevard Mortgage Co. v. Hinkle (In Re Hinkle),* 14 B.R. 202, 204 (Bkrtcy.E.D.Pa.1981); *Central Mortgage Co. v. Galbraith (In Re Galbraith),* 19 B.R. 563, 564–65 (Bkrtcy.E.D.Pa. 1982); *Ukrainian Savings and Loan Assoc. v. Trident Corp. (In Re Trident Corp.),* 19 B.R. 956, 958 (Bkrtcy.E.D.Pa.1982); *Fairmont Foods Co. v. A.Z.J.Z., Inc. (In Re A.Z.J.Z., Inc.),* 22 B.R. 966, 968 (Bkrtcy.E.D.Pa.1982).