**In re Rose DABNEY, Debtor.**

**Bankruptcy No. 84–02643K.**

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 11, 1985.

Irwin Trauss, Philadelphia, Pa., to debtor.

James J. O'Connell, Philadelphia, Pa., Standing Trustee.

Jerome M. Feinberg, Philadelphia, Pa., for Theresa McCabe.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue at bench is whether we should grant a lessor relief from the automatic stay imposed by § 362(a) of the Bankruptcy Code ("Code") in order that she might recover possession of premises leased to the debtor. For the reasons stated herein, we will deny the lessor's motion for relief from the stay, conditioned on the debtor's payment of rental monies to the lessor.

The facts of the case are as follows:[1] In August of 1982, Rose and Gregory Dabney ("Dabneys") entered into a lease agreement with Theresa McCabe ("lessor"). Under the terms of the contract, the lessor was to rent certain residential premises to the Dabneys in return for monthly rental payments of $125.00.

The Dabneys failed to make any rental payments after March of 1983 and, in August, the lessor obtained an eviction judgment against the Dabneys in Philadelphia Municipal Court. The judgment was appealed and, in April of 1984, the Dabneys were ordered to escrow monthly rental payments during the pendency of the appeal. The lessor subsequently petitioned for dis-

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

missal of the appeal based on the Dabneys' alleged failure to comply with the escrow order, and a hearing on the petition was scheduled for August 14, 1984.

That same month, a default judgment for unpaid rent and possession was entered in favor of the lessor and against the Dabneys in the Court of Common Pleas of Philadelphia County. On August 13, 1984, Rose Dabney ("debtor") filed a petition for the adjustment of her debts under Chapter 13 of the Bankruptcy Code ("Code"). The lessor commenced proceedings to modify the stay in order to recover possession of the premises.

The lessor asserts that she is entitled to relief from the automatic stay under § 362(d)(1) and (d)(2) of the Code. Section 362(d) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection(a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

In opposing the lessor's motion, the debtor alleges, *inter alia,* a breach of the implied warranty of habitability by the lessor. The only issues to be raised in a hearing on relief from the stay are cause, the debtor's equity in the property and the property's necessity to an effective reorganization. The hearing is not the appropriate time to bring in other issues, such as counterclaims against the creditor. S.Rep. No. 95–989, 95th Cong., 2nd Sess. 55 (1978), U.S.Code Cong. & Admin.News 1978, 5787. Therefore, we need not consider evidence offered by the debtor in support of her allegations against the creditor.

As stated above, the Dabneys failed to make any rental payments after March of 1983. In addressing § 362(d)(1), the lessor asserts that, because the debtor has paid no post-petition rent, she is not entitled to the protection of the automatic stay. Although this Court has held that failure to maintain regular mortgage payments after the filing of the petition constitutes cause to grant relief from the stay, *Ukrainian Savings & Loan Association v. Trident Corp.* (In re Trident), 19 B.R. 956 (Bankr.E.D.Pa.1982), *aff'd,* 22 B.R. 491 (E.D.Pa.1982); *Boulevard Mortgage Co. v. Hinkle* (In re Hinkle), 14 B.R. 202 (Bankr.E.D.Pa.1981), those cases involved nonpayment periods considerably longer than the three (3) months at issue here.

As indicated above, the Dabneys were ordered to escrow monthly rental payments during the pendency of their appeal of the Municipal Court eviction judgment, and the lessor petitioned for dismissal of the appeal based on the Dabneys' alleged failure to comply with the escrow order. The lessor asserts that the debtor's lack of compliance with the escrow order constitutes cause to grant relief from the stay. Debtor misconduct and bad faith may constitute sufficient cause under § 362(d)(1) to entitle a creditor to relief from the stay. *Associates Commercial Corporation v. G.Y. Trucking, Inc.* (In re G.Y. Trucking, Inc.), 28 B.R. 59 (Bankr.M.D.Pa.1982); *Farmers & Merchants Bank & Trust v. Trail West, Inc.,* 28 B.R. 389 (Bankr.S.D.N.D.1983). We are not convinced that the debtor's conduct in the instant case justifies lifting the stay.

The lessor further asserts that relief from the stay should be granted for cause because her interest in the premises is not adequately protected. The adequate protection required for a lessor is the performance for which he has contracted. *Dallas-Fort Worth Regional Airport Board v. Braniff Airways, Inc.,* 26 B.R. 628 (N.D.Tex.1982).

Adequate protection may be provided, therefore, by the lessee's compliance with the provisions of the lease. *Hilton*

*Hawaiian Village Joint Venture v. Les Femmes Magnifique, Inc.* (In re Les Femmes Magnifique, Inc.), 23 B.R. 580 (Bankr.D.Hawaii 1982); *Construction Clearing House, Inc. v. Mulkey of Missouri, Inc.* (In re Mulkey of Missouri, Inc.), 5 B.R. 15 (Bankr.W.D.Mo.1980). Courts will order such compliance, if reasonable, as a condition of continuing the automatic stay. *Les Femmes Magnifique; Mulkey; City Stores Co. v. A.L.S., Inc.* (In re A.L.S., Inc.), 3 B.R. 107 (Bankr.E.D.Pa.1980).

In this case, in order to provide adequate protection to the lessor, the debtor must pay to the lessor the rental amounts provided for in the lease. Accordingly, we will deny the lessor's motion for relief from the stay,[2] and will order the debtor to pay monthly rental payments of $125.00 as they hereafter become due and to furnish the Court with a statement detailing its proposed curing of arrearages under the lease. Our denial of the lessor's request for relief from the stay will be without prejudice to her right to renew the request should the debtor fail to comply with our Order. A copy of the Order of this Court entered on December 21, 1984 is attached hereto.

---

2. Since the leasehold is necessary to an effective reorganization, we reject the lessor's alternative assertion that relief may be granted under § 362(d)(2).