**In re Raymond C.Q.K.T.N.W. TAINAN, III, Debtor.**

**Bankruptcy No. 84–02982K.**

United States Bankruptcy Court, E.D. Pennsylvania.

April 16, 1985.

Irwin Trauss, Philadelphia, Pa., for debtor.

James J. O'Connell, Philadelphia, Pa., Trustee.

Martin N. Ghen, Doylestown, Pa., for First Mortg. Service Co.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue at bench is whether a mortgagee is entitled to relief from the stay due to a debtor's failure to make fifteen (15) prepetition mortgage payments and six (6) post-petition payments. For the reasons stated herein, we conclude that it is. Accordingly, we will grant the mortgagee's motion for relief in order that it may continue foreclosure proceedings.

The facts of the case are as follows:[1] On January 29, 1982, Raymond C.Q.K.T.N.W. Tainan, III ("debtor") executed a note in favor of First Mortgage Service Company ("FMSC"). The note was secured by a mortgage on the debtor's property. FMSC is an authorized representative for collection purposes of Federal National Mortgage Association ("FNMA") and, on that same day, FMSC assigned the note and the mortgage to FNMA.

The debtor defaulted on the note in July of 1983. Foreclosure proceedings were instituted, and a sheriff's sale was scheduled for September 10, 1984. On that day, the debtor filed a petition under Chapter 13 of the Bankruptcy Code ("Code"). No post-petition mortgage payments were tendered to FMSC.

On February 14, 1985, FMSC filed a motion pursuant to § 362(d) of the Code to modify the stay in order to continue the mortgage foreclosure.

Section 362(d) of the Code provides as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Bankruptcy Rules.

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

In support of its motion, FMSC asserts that the debtor's failure to make fifteen (15) pre-petition payments and six (6) post-petition payments constitutes cause for relief from the stay.

 A debtor's continued failure to maintain regular payments to a secured creditor is sufficient cause to entitle a creditor to a modification of the stay. *Boulevard Mortgage Co. v. Hinkle (In re Hinkle)*, 14 B.R. 202 (Bankr.E.D.Pa.1981); *Central Mortgage Co. v. Galbraith (In re Galbraith)*, 19 B.R. 563 (Bankr.E.D.Pa. 1982); *Ukrainian Savings & Loan Association v. Trident Corp. (In re Trident Corp.)*, 19 B.R. 956 (Bankr.E.D.Pa.1982), *aff'd*, 22 B.R. 491 (E.D.Pa.1982).

In response to FMSC's motion, the debtor asserts that FMSC is not a real party in interest and, therefore, it is precluded from seeking this relief. The debtor contends that FNMA is the appropriate party by virtue of the assignment of the note and mortgage. We are not persuaded by this argument.

Rule 17(a) of the Federal Rules of Civil Procedure, which is incorporated in this proceeding through Bankruptcy Rule 7017, requires that "every action shall be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a).

The purpose of the requirement is to protect individuals from the harassment of suits by persons who do not have the power to make final and binding decisions concerning prosecution, compromise and settlement. *Kenrich Corp. v. Miller*, 256 F.Supp. 15 (E.D.Pa.1966), *aff'd*, 377 F.2d 312 (3d Cir.1967). An action may not necessarily be brought in the name of the person who ultimately will benefit from the recovery, but rather by the person who is entitled to enforce the right. 6 Wright & Miller, *Federal Practice and Procedure* ¶ 1543 (1971 2d reprint 1984).

Whether a plaintiff is the real party in interest is to be determined by reference to the applicable substantive state law. Wright & Miller ¶ 1543. Under Pennsylvania law, a real party in interest must be in such command of the action as to be legally entitled to give a complete acquittal or discharge to the other party upon performance. *Spires v. Hanover Fire Insurance Co.*, 364 Pa. 52, 70 A.2d 828 (1950) *overruled on other grounds, Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744, 751 (1983). We conclude that FMSC, in its capacity as representative for collection purposes of FMNA, is a real party in interest to this proceeding.

Since the debtor has produced no evidence to refute FMSC's case, we conclude that FMSC is entitled to relief from the stay. Accordingly, we will grant the motion of FMSC.