### In re Ralph J. FAZIO, Debtor.

### Bankruptcy No. 83–03102G.

United States Bankruptcy Court,
E.D. Pennsylvania.

April 21, 1986.

See also, Bkrtcy., 57 B.R. 316.

Alan L. Spielman, Philadelphia, Pa., for debtor, Ralph J. Fazio.

David C. Patten, West Chester, Pa., for movant, Southeast Production Credit Ass'n.

Mary F. Walrath, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for intervenor, Alan Sinton, Ltd., judgment lien holder.

Allan K. Marshall, Philadelphia, Pa., trustee.

### OPINION

EMIL F. GOLDHABER, Chief Judge:

The primary point for consideration in this chapter 7 case is whether we should

grant a mortgagee's motion for relief from the automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code. Since we find that the indebtedness secured by the property exceeds the value of the property, we will grant relief from the automatic stay.

The facts of this case are as follows:[1] The debtor owns four parcels of realty which are encumbered by a first mortgage to the Federal Loan Bank of Baltimore ("Federal") in the amount of $327,245.03, a second mortgage to the movant, Southeast Production Credit Association ("Southeast") for $120,005.00, a judgment lien in favor of Alan Sinton, Ltd. ("Sinton") for $19,333.30 and tax liens of $19,319.16, for a total of $485,992.49 in secured debt. The value of the four parcels of realty are as follows: Kennett Square residence, $75,-000.00; London Grove parcel, $166,200.00; East Marlborough Township mushroom house, $144,000.00; and Newlin Township mushroom house, $62,500.00. Hence, the value of the properties totals $447,700.00 while the encumbrances on those properties equal $485,992.49. Although the properties are suitable for subdivision, and in that state would likely produce a higher value, we find the testimony on that score too speculative and we therefore reject it.

The procedural posture of the case is that the debtor filed a petition for reorganization under chapter 11 of the Code in 1983. The case was subsequently converted to a chapter 7 proceeding and a trustee was appointed to administer the estate. Southeast filed the instant motion for relief from the automatic stay in order to continue foreclosure proceedings against the realty. The trustee chose not to oppose the motion thereby prompting Sinton to move for intervention in the action and we granted the motion.

■ Sinton opposes the motion for relief from the automatic stay on two bases. The first, which we rejected, *supra*, is that the realty in question is worth more than the value submitted by Southeast's appraiser since it is suitable for subdivision. The second is that we should deny the motion in order to allow the trustee time to find a private buyer who would pay a higher price for the realty than could be obtained at sheriff's sale. Sinton requests that if we grant Southeast's motion for relief from the automatic stay, we should likewise grant it the same relief.

■ Under 11 U.S.C. § 362(d), the court can grant relief from the automatic stay under the following terms:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property under subsection (a) of this section of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). In a chapter 7 case a secured party seeking relief from the stay need only prove that the encumbrances on secured property exceed the indebtedness secured by that property under § 362(d)(2)(A). *Central Mortgage Co. v. Galbraith* (In Re Galbraith) 19 B.R. 563, 565 (Bankr.E.D.Pa.1982); *Administrator of Veterans' Affairs v. Sparkman,* 9 B.R. 359, 363 (E.D.Pa.1981). Under chapter 7 the movant need not introduce any evidence under § 362(d)(2)(B) since reorganization is not possible in that chapter. *In Re Galbraith, supra* at 565. As applied to the case before us, Southeast has proved that the indebtedness owed it and secured by the property exceeds the value of said

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

property, thus entitling it to relief from the automatic stay.

In reaching this result, we conclude that there is no merit in Sinton's request that we deny relief from the stay until a private buyer is found. Firstly, Sinton has produced no buyers, potential buyers or even curiosity seekers who have posed inquiries about the properties. The time needed to find buyers is unknown and the results of any search would be so purely speculative that we cannot countenance a delay in granting relief from the automatic stay. Secondly, while the terms of § 362(d)(1) may allow for a "balancing of equities" in defining "cause" for relief from the stay, where such equities may include the presence of potential purchasers, the terms of § 362(d)(2) do not allow for such latitude.

Our last point for consideration is Sinton's request that we grant it relief from the automatic stay in the event such relief is granted to Southeast. The request appears to be eminently logical under the facts of this case, and we will also grant Sinton relief from the automatic stay.