In the Matter of Rodney T. DOLESE and Evelyn Landry Dolese.

Civ. A. No. 82–2448.

United States District Court, E.D. Louisiana.

Nov. 30, 1982.

## ORDER

Emile L. Turner, Jr., New Orleans, La., for trustee.

Ross Scaccia, New Orleans, La., for debtors.

Ronald J. Harris, New Orleans, La., for Mr. and Mrs. Cieutat.

Robin Cheatham, New Orleans, La., for I.L. Lyons Co.

John E. Peltier, Jr., New Orleans, La., for Mr. and Mrs. Kruebbe.

## ORDER

PATRICK E. CARR, District Judge.

This appeal from an order of the Bankruptcy Court for the Eastern District of Louisiana denying appellants' motion to compel the trustee to remove contents of a leasehold rejected by the trustee, presents two novel questions: whether property held by a debtor in bankruptcy as a consent keeper is "property of the bankruptcy estate" within the meaning of 11 U.S.C. § 541(a); and if so, whether a bankruptcy trustee may refuse to remove property of the debtor's estate from leased premises after rejecting the lease pursuant to § 365(d)(1) of the Bankruptcy Code.

Appellants, John W. Kruebbe, Sr. and Ruth Treuting Kruebbe, own a commercial building formerly used as a pharmacy. In 1975, the building was leased to debtor, Rodney T. Dolese. Debtor used the building as a pharmacy until February, 1978, when he subleased it to other pharmacists. Sometime thereafter, debtor's subtenants stopped paying rent under the sublease and abandoned the building. They also abandoned its contents of pharmaceutical goods, fixtures, shelving and miscellaneous merchandise. Debtor likewise did not pay rent under the original lease, permitted the building and its contents to remain abandoned, and sought relief under Chapter 7 of the Bankruptcy Code.

Prior to the filing of the Chapter 7 petition, appellants filed suit against debtor in state court for unpaid rent. *See John W. Kruebbe, Sr. and Ruth Treuting Kruebbe v. Rodney T. Dolese,* 24th Judicial District Court, Parish of Jefferson, District No. 247–380, Division (J). Debtor in turn filed a third-party demand against his subtenants for unpaid rent, and the sheriff seized the contents of the building by writ of sequestration to enforce debtor's lessor's privilege. *See* LSA C.C.P. art. 3575. To save expenses, debtor and his subtenants jointly stipulated in the state court suit that debtor "would be allowed to retain possession and control of the [sequestered] movables at the Kruebbe's Pharmacy . . . , pending a resolution of the lawsuit." *See* Joint Motion to Dissolve Writ of Sequestration and to Appoint Keeper of Property, *John W. Kruebbe, Sr., and Ruth Treuting Kruebbe v. Rodney T. Dolese, supra.* As of the filing of the Chapter 7 petition, this stipulation had not been revoked.

During the course of the Chapter 7 proceeding, the lease was cancelled by debtors' trustee by non-action pursuant to 11 U.S.C.

§ 365(d)(1). Because the trustee failed to clear the building of its contents, appellants filed a motion to order the trustee to remove all merchandise from the building. The motion was denied on June 1, 1982 and Mr. & Mrs. Kruebbe commenced this appeal.

On this appeal, appellants argue that the contents of Kruebbe Pharmacy became property of the debtor's estate by virtue of the above stipulation and that it would be contrary to the policy of § 365(d)(1) of the Bankruptcy Code to permit a trustee with legal and physical possession of a building's contents to refuse to remove them after rejecting the lease. The trustee, on the other hand, contends that the contents of the Kruebbe Pharmacy did not become property of the bankruptcy estate by virtue of the above stipulation and that, consequently, she is without the legal ability to remove the property in question.

## I.

Section 541 of the Bankruptcy Code defines property of the estate. It provides that the debtor's estate includes, with exceptions not relevant here, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a).

The legislative history to this section confirms that it was intended to be all encompassing:

[Under § 541(a), the bankruptcy] estate is comprised of all legal or equitable interest of the debtor in property, wherever located, as of the commencement of the case. The scope of this paragraph is broad. It includes all kinds of property, causes of action, . . . and all other forms of property . . . [specified under the old Bankruptcy Act]. The debtor's interest in property also includes "title" to property, which is an interest, just as are a possessory interest, or leasehold interest, for example. House Report No. 95–595, 95th Cong., 1st Sess. 367–8 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 82–3 (1978), U.S. Code Cong. & Admin. News 5787, 5868, 6323 (1978).

As explained in 4. *Collier on Bankruptcy*, § 541.08 and § 541.09 (15 ed. 1981):

Under former Section 70a(5) of the Bankruptcy Act it was necessary to determine whether, under the applicable state law, the personal property involved could have been "by any means . . . transferred or . . . levied upon and sold under judicial process against" the bankrupt, or could have been "otherwise seized, impounded, or sequestered," at the time the petition was filed. This requirement has been omitted from the Code and pursuant to Section 541(a)(1) all interests of the debtor in personal property, wherever located, as of the commencement of the case become property of the estate . . . regardless of whether they are transferable or creditors could have by some means reached them. *Collier, supra* at 541–38.

██ The clear wording of the statute and the intent of the drafters demonstrate that the scope of the statute is very broad and encompasses all interests of the debtor as of the date his petition is filed. Thus, in *State v. Missouri v. U.S. Bankruptcy Court*, 647 F.2d 768 (8th Cir.), *cert. denied*, 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1981), the court held that a debtor's interest in grain, consisting of possession and a minute ownership interest, was sufficient to qualify it as "property of the estate". In *In Re Alpha Corp.*, 11 B.R. 281, 287 (Bkrtcy.B.C.D. Utah 1981), the court held that the IRS was required to turn over property because "whether the United States has a greater interest in levied upon property at the filing of bankruptcy is immaterial, for as long as the debtor has an interest, that interest will fit into the pervasive definition of Section 541." In *In Re Boyd*, 11 B.R. 690, 692 (B.C.W.D.Va.1981), the court stated that the scope of what is property of the estate is now much broader than under the old Act, and it is "almost limitless."

Therefore, it is clear that the definition of the bankruptcy estate contained in § 541(a) is broad enough to include the property interest conferred upon debtor by the above stipulation vesting in debtor "possession and control of the movables at the Kruebbe's Pharmacy."

## II.

Having concluded on the facts presented, that the subject movables at the Kruebbe Pharmacy are property of the estate and, consequently, that the trustee has the legal ability to remove them to another location, it becomes necessary to decide whether a lessor may bring what amounts to an eviction proceeding in bankruptcy to force the trustee in bankruptcy to remove assets of the estate from leased premises after the lease is rejected by the trustee pursuant to section 365(d)(1). Apparently, this is a question of first impression.

Bankruptcy Code § 365(d)(1) provides in pertinent part:

"In a case under Chapter 7 of this title, if the trustee does not assume or reject an ... Unexpired lease of the debtor within 60 days after the order for relief or within such additional time as the Court, for cause, within such 60-day period, fixes, then such ... lease is deemed rejected."

The Code, the Rules of Bankruptcy Procedure, and the Suggested Interim Bankruptcy Rules are silent as to the remedies available to a lessor when the trustee in bankruptcy rejects the lease but fails to clear the leased premises of property of the estate and to surrender possession of the leased premises to the lessor.

■ Generally the rights of parties under leases to real property are governed by state law, unless there are contrary provisions in the Bankruptcy Code. *In re Burke,* 76 F.Supp. 5, 8 (S.D.Cal.1948). Where, as here, the Code and decisional law are silent, a remedy, if there be one, must derive from state law.

■ "The Courts of Louisiana have long held that to evict a tenant at the expiration of a lease, the owner or one entitled to possession must bring an eviction proceeding which must be prosecuted to a final judgment after appeal before the tenant or one wrongfully on the property can be evicted. The jurisprudence in this state leaves little doubt, but that the only procedural method by which a tenant may be deprived of possession is by eviction pro-

ceedings." *Louisiana Materials Co. v. Cronvich,* 236 So.2d 510, 516–17 (La.App. 4th Cir.1970); *Mena v. Barnard,* 113 So.2d 332, 333 (La.App. 2d Cir.1959).

Civil Code Article 2713 governs summary eviction proceedings in Louisiana. It provides:

When the lessor has given notice to the lessee, in the manner directed by law, to quit the property, and the lessee persists in remaining on it, or if the lessee has waived his right to such notice by written waiver contained in the lease and has lost his right of occupancy for any reason, the lessor may have him summoned before a judge or a justice of the peace, and condemned to depart; and if 3 days after notice of the judgment he has not obeyed, the judge or justice of the peace may order that he shall be expelled and that the property shall be cleared by the sheriff or constable at his expense.

Thus, the question is whether plaintiff may bring his 2713 action in bankruptcy or whether that action must be filed in state court. Despite the lack of express direction on the matter, this Court is persuaded that Congress intended that such actions may be brought in bankruptcy on the facts presented here.

The Bankruptcy Reform Act of 1978 made sweeping changes with respect to the jurisdiction of bankruptcy courts. Pursuant to Section 1471(b) of Title 28, the bankruptcy court has original but not exclusive jurisdiction of all civil proceedings related to cases under Title 11 of the United States Code. The plain meaning of subsections (b) and (c) of § 1471 is that bankruptcy courts can now try virtually any civil case.

Therefore, I hold that when the trustee rejects a lease by nonaction pursuant to Section 365(d)(1) and fails to clear the leased premises of property of the estate and surrender possession to the lessor, the lessor may institute summary eviction proceedings incidental to a Chapter 7 proceeding in bankruptcy. To hold otherwise would require a lessor to seek relief from the automatic stay provisions of § 362 of the Bankruptcy Code to enable him to com-

mence a summary eviction proceeding in state court. Given that the Congressional purpose in enacting § 365(d)(1) was to ease the burden on the lessor and afford him a greater degree of certainty in Chapter 7 cases, *see* Senate Report No. 95–989, 5 U.S. Code Cong. & Admin.News, 5845 (1978); House Report No. 95–595, 5 U.S.Code Cong. & Admin.News, 6304 (1978), the delay, expense and uncertainty involved in forcing a lessor to seek relief from the bankruptcy stay in federal court to enable him to pursue eviction proceedings in state court to regain possession of leased premises after the lease is deemed rejected by operation of federal law, would be inconsistent with the underlying purpose of § 365(d)(1) of the Bankruptcy Code. The Court is persuaded that the principal consideration must be an accommodation to the underlying purposes of the Code.

Therefore,

The order of the Bankruptcy Court is reversed and the Bankruptcy Court is directed to order the trustee in bankruptcy to remove without delay the subject movables at the Kruebbe Pharmacy located at 3928 St. Claude Avenue, New Orleans, Louisiana.