**In re Adolf DULAN and Mary Dulan, dba Hamburger City—Marina, Debtor.**

**Bankruptcy No. LAX 85–50307–JD.**

United States Bankruptcy Court, C.D. California.

Sept. 5, 1985.

Lowther & Bowen, Tarzana, CA, for debtors.

Joseph D. Massengale, Jr., Los Angeles, CA, for debtors.

Gurewitz & Lieb, Los Angeles, CA, for creditor, Villa Marina Partners.

Nancy Curry, Los Angeles, CA, trustee.

MEMORANDUM OF DECISION

JAMES R. DOOLEY, Bankruptcy Judge.

This case presents the following questions:

1. Did the debtors assume a lease of nonresidential real property within the time prescribed by 11 U.S.C. § 365(d)(4)?

2. Did the landlord or his predecessor in interest waive the requirement that the

lease be assumed within the time prescribed by 11 U.S.C. § 365(d)(4)?

3. Did the debtors timely exercise an option contained in the lease to extend the lease?

4. Are the debtors entitled to equitable relief from their failure to timely exercise the option?

This court concludes that questions 1 and 3 should be answered in the negative; but that questions 2 and 4 cannot be answered without an evidentiary hearing.

## FACTS

On or about August 16, 1982 Adolf Dulan and Mary Dulan, dba Hamburger City (hereinafter "debtors") leased certain commercial real property located in Los Angeles County, California from Villa Marina Center, a California limited partnership. The lease was for a term of three years commencing on August 16, 1982, with one option to extend for a period of three years. The lease provided, *inter alia*, as follows (Article 3C, page 2–A):

> "C. OPTION TO EXTEND TERM. Landlord hereby grants Tenant an option to extend the term (the 'initial term') of the Lease, as set forth in Article 1 hereof, for three (3) years (the 'option period' or 'extended term') on all the terms and provisions contained in the Lease, subject to the following terms, conditions and exceptions:
>
> > (i) Tenant shall notify Landlord in writing of Tenant's exercise of said option at least six (6) months but no more than twelve (12) months prior to the expiration of the initial term hereof."

On January 16, 1985 debtors filed a petition under Chapter 13 of the Bankruptcy Code; and on February 11, 1985 debtors filed a Chapter 13 Plan and a Chapter 13 Statement. In their Chapter 13 Statement debtors stated, *inter alia*, that they were fast food stand owners and that they had been operating a business, Hamburger City —Marina, since 1982. The Chapter 13 Plan did not expressly provide for either the assumption or the rejection of the lease with Villa Marina Center [1]; nor did the plan expressly provide for the debtors to exercise the option to extend the lease as provided for in the language quoted above.

On or about March 28, 1985 Villa Marina Center assigned all of its rights, title, and interest in the lease and the leased premises to Villa Marina Partners, an Illinois general partnership; and the latter entity will be hereinafter referred to as "landlord".

On May 30, 1985 the debtors filed herein a Petition For Leave To Assume Unexpired Lease And Exercise Option Therein. Thereafter, on June 4, 1985 the landlord filed a Notice Of Motion And Motion For: (1) Order Of Rejection Of Lease Agreement; (2) Order For Issuance Of Writ Of Possession, Or, In The Alternative, Order For Relief From Automatic Stay; (3) Order For Payment Of Administrative Rent; (4) Order For Payment Of Administrative Rent Held In Trust.

## LEGAL ANALYSIS

### *Timeliness Of Assumption*

Section 365(d)(4) of the Bankruptcy Code, as modified by the 1984 amendments [2], provides, *inter alia*, that "... if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately

---

1. Part IX of the form used for the Plan in this case contained the following printed language:

    "IX. OTHER PROVISIONS

    1. The following executory contracts and unexpired leases are rejected _____ "

        \*  \*  \*  \*  \*  \*

    No entries were made following the above-quoted printed statement.

2. The 1984 amendments to Section 365(d)(4) are effective as to cases filed on or after October 8, 1984.

surrender such nonresidential real property to the lessor."

The court in *In Re By-Rite Distributing, Inc.*, 47 B.R. 660 (Bkrtcy.Utah 1985), exhaustively analyzed the 1984 amendments to Section 365 of the Bankruptcy Code and their legislative history and concluded that the lease in that case had terminated by operation of law even though the Chapter 11 debtor-in-possession had filed his motion to assume the lease on the sixtieth day; that not only must the debtor file his motion to assume within the sixty day period but that the court must approve the assumption within the sixty day period unless extended.

In the present case, debtors Chapter 13 petition was filed on January 16, 1985; therefore, the last day to assume the nonresidential lease here involved was March 17, 1985. Under *By-Rite, supra.*, there was no assumption of the lease in this case within the prescribed time.

*Waiver Of Timely Assumption*

■ In *By-Rite, supra.*, the court in a footnote observed (47 B.R. at page 670, footnote 16):

"Section 365(d)(4) was enacted for the benefit of lessors and is intended to protect them from unreasonable risks occasioned by their tenants' bankruptcies. Since the 60-day termination rule is for the benefit of lessors, they can, presumably, waive its application. See *Larkins v. Sills*, 377 F.2d 1, 3 (5th Cir.1967); *Ten-Six Olive, Inc. v. Curby, supra*, 208 F.2d [117] at 123 [ (8th Cir.1953) ]. In the present case, however, there is nothing of record to suggest that any of the affected lessors have waived application of the automatic rejection mechanism of Section 365(d)(4)."

Unlike *By-Rite*, the record in the present case does indicate that the landlord may have waived timely assumption of the lease. Although the time to assume the lease under Section 365(d)(4) of the Bankruptcy Code had expired on March 17, 1985, the landlord's counsel in a letter dated April 30, 1985 to debtors' counsel stated, *inter alia*, as follows:

"... Please be advised that in response to the terms of the plan and your April 10, 1985 letter, Villa Marina Partners cannot assent to said plan due to the fact that said plan does not call for your clients assumption of the lease through the remainder of the term, i.e., August 15, 1985, nor does it provide for current payment of post-petition rent together with adequate assurance for payment of all pre-petition rent. Accordingly, this office expects immediate payment of all post-petition rent, in addition to, your office preparing an ammended (sic) Chapter XIII"

\*        \*        \*        ´\*        \*        \*

"Please advise the undersigned when I can expect the revised Chapter XIII plan which provides for adequate assurance of payment in full of all rent due and owing through the end of the lease term on August 15, 1985."

The above-quoted letter in effect invites debtors' counsel to revise their Chapter 13 plan to assume the lease and to provide adequate assurance of payment of all pre-petition rent. Since the time to assume the lease under Section 365(d)(4) had expired on March 17, 1985, this letter together with all the facts and circumstances of the case may be construed as a waiver of timely assumption.

*Timeliness Of Exercise Of Option*

■ In bankruptcy cases the rights of parties in real estate leases are governed by state laws unless there are contrary provisions in the Bankruptcy Code. *Matter of Norwood Aviation, Inc.*, 47 B.R. 155, 157 (Bkrtcy.Mass.1985); *Matter of Dolese*, 28 B.R. 992, 995 (D.C.E.D.La.1982); *Matter of Zienel Furniture, Inc.*, 13 B.R. 264, 265 (Bkrtcy.E.D.Wis.1981); *In re Burke*, 76 F.Supp. 5, 8 (S.D.Calif.1948); Cf. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *Johnson v. First National Bank*, 719 F.2d 270 (8th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984).

Under California law, where an option is given for a specified period, it generally must be exercised within that period. *Simons v. Young* (1979), 93 Cal.App.3d 170, 155 Cal.Rptr. 460; *Rosenour v. Pacelli* (1959), 174 Cal.App.2d 673, 345 P.2d 102; *Drewry v. Welch* (1965), 236 Cal.App.2d 159, 46 Cal.Rptr. 65. However, 11 U.S.C. § 108(b) provides as follows:

"(b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief."

In the view of this court, Section 108(b) quoted above extended the time to exercise the option to extend the lease in this case. Cf. *In re Santa Fe Development, Etc.*, 16 B.R. 165 (Bkrtcy.App. 9th Cir.1981). However, the extension was only for 60 days after the order for relief; therefore the time to exercise the option as extended by Section 108(b) ended on March 17, 1985.

■ Debtors contend that the time to exercise the option was extended by 11 U.S.C. § 362. Although the authorities on this issue in analogous situations are in conflict, this court is of the view that while Section 108(b) extends the time to exercise the option, Section 362 does not. See discussion in *Johnson v. First National Bank, supra.*, 719 F.2d at pages 274–278, and authorities referred to therein; *In re Crabb*, 48 B.R. 165, 167 (Bkrtcy.Mass. 1985).

■ Since the time to exercise the option expired on March 17, 1985 and debtors' petition in this court to exercise the option was not filed until May 30, 1985, the debtors failed to timely exercise the option.

*Equitable Relief From Debtors' Failure To Timely Exercise The Option*

Although under California law an option must generally be exercised within the period for which it was given, California has recognized that equitable considerations may prevent the application of that rule. *Leonhardi-Smith, Inc. v. Cameron* (1980), 108 Cal.App.3d 42, 166 Cal.Rptr. 135; 42 Cal.Jur.3d Landlord And Tenant § 291. In *Leonhardi-Smith, Inc. v. Cameron, supra.*, one of the questions presented to the court was the following: "Can the executor waive, by action or word, a termination of a lease occasioned by a failure of a lessee to exercise his renewal option in a timely manner, but before the lease has actually expired?" (page 47, 166 Cal.Rptr. 135) In answering this question in the affirmative the court said (page 48, 166 Cal.Rptr. 135):

"... While the day of the handshake contract has come close to sunset, nevertheless estoppel has not been stricken from the principles of law. The actions here depicted, in the friendly surroundings of Avalon, between persons well known to each other, and in regular contact, constitute a fair and reasonable business transaction ..."

Later, the court quoted the following language from *Farrell v. County of Placer* (1944), 23 Cal.2d 624, 628, 145 P.2d 570:

"... 'Equity does not wait upon precedent which exactly squares with the facts in controversy, but will assert itself in those situations where right and justice would be defeated but for its intervention.'"

■ In the present case debtors' Chapter 13 plan was filed on February 11, 1985. While this plan did not expressly provide for the debtors to exercise the option to extend the lease; the plan was for a period of 60 months, and impliedly gave notice that the debtors desired to continue in busi-

ness during that 60-month period. Also, debtors' counsel sent letters dated February 14, 1985 and February 20, 1985 to Cushman & Wakefield, collecting agent for the landlord's predecessor, with copies to acting counsel for the landlord's predecessor. Each of these two letters, in addition to forwarding lease payments of $3,267.00, concluded with the following paragraph, which implies that the debtors desired to continue occupying the premises during the period of their Chapter 13 plan:

"Upon the confirmation of the plan in this case, regular payments will be made directly to you from our client, and payments on arrearages, if any, will be mailed by the Chapter 13 trustee, Nancy Curry."

Also, the letter dated April 30, 1985 from the landlord's counsel, previously referred to, is significant. While this letter primarily indicates a waiver of timely assumption of the existing lease, it implies a waiver of the time to exercise the option as well; since an amended Chapter 13 plan would obviously encompass a period well beyond August 15, 1985.

It appears that the debtors have paid substantial sums to the landlord and/or its predecessor since their Chapter 13 petition was filed; and that additional sums have also been paid to the Chapter 13 trustee for the benefit of the landlord and/or its predecessor. It is also alleged that the debtors have spent well over $75,000 in leasehold improvements that would be prevented from removal.

Based upon the foregoing, the debtors are at least entitled to an evidentiary hearing on the question of whether they should be excused on equitable grounds from their failure to timely exercise the option to extend the lease. See Annotation, "Circumstances Excusing Lessee's Failure To Give Timely Notice Of Exercise Of Option To Renew Or Extend Lease", 27 A.L.R. 4th 266 and Annotation, "Waiver Or Estoppel As To Notice Requirement For Exercising Option To Renew Or Extend Lease", 32 A.L.R. 4th 452. Meanwhile, debtors should

pay administrative rent as if the lease had been extended.