In re Richard Dean DODD, Marianne Dodd, dba Perko's Koffee Kup, Debtors.

Bankruptcy No. 286–06155–A–13.

Motion Nos. TN–1, PEH–1 and PEH–2.

United States Bankruptcy Court, E.D. California.

April 17, 1987.

John A. Tosney, Sacramento, Cal., for trustee.

Thomas Nast, Fresno, Cal., for Perko's Enterprises.

Philip E. Hernandez, Redding, Cal., for debtors.

## NOTICE OF INTENDED DECISION

LOREN S. DAHL, Chief Judge.

### FACTS

In 1985 Richard D. and Marianne Dodd purchased a restaurant located in Mt. Shasta called Perko's Koffee Kup. Among the assets was a franchise toward which the prior owner had paid $10,000. Since they purchased the restaurant, the Dodds have paid over $1,000 per month to Perko's Enterprises Inc. (Perko's) for the franchise. In addition, the Dodds are sublessees of the restaurant premises pursuant to a sublease which expires in the year 2004. The Dodds are obligated to pay $2,250 per month rent to Perko's under the sublease.

The Dodds filed a chapter 13 petition on December 2, 1986. The court appointed Lawrence J. Loheit as trustee on January 20, 1987. The debtors applied to the court for and received two extensions of time in which to file their chapter 13 plan which they finally filed on February 9, 1987.

Movant, Perko's, filed a motion to compel debtors in possession to turn over nonresidential property to sublessor on February 10, 1987. In response to that motion and upon orders shortening time, the debtors filed the following motions: 1. motion for extension of time to assume or reject unexpired lease of nonresidential real property where debtor is lessee; 2. motion for leave to assume executory contract; and, 3. motion for order that creditor be compelled to join trustee as party. Although the trustee was not served with movant's motion, the trustee has filed an opposition to the motion to compel turnover of leased premises.

The four motions were argued orally on March 2, 1987. THOMAS NAST, ESQ. represents the movant, PHILIP E. HERNANDEZ, ESQ. represents the debtors, and JOHN A. TOSNEY, ESQ. represents the trustee.

## DISCUSSION

The issue here is whether 11 U.S.C. § 365(d)(4) applies in a chapter 13 case.

The movant argues that § 365(d)(4) requires that the chapter 13 debtor must move to assume the lease within 60 days of the order for relief or the lease is deemed rejected. The trustee joins the debtors in opposing the motion and argues that § 365(d)(4) does not apply because a chapter 13 trustee is not empowered to operate a debtor's business and, therefore, cannot make a decision regarding assumption or rejection of a lease.

11 U.S.C. § 365(d)(4) states,

[n]otwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

Chapters 1, 3, and 5 of title 11 apply to a case filed under chapters 7, 11 or 13. 11 U.S.C. § 103(a).

Very little case law exists on the application of § 365(d)(4) to a chapter 13 case. In *In re Dulan,* 52 B.R. 739 (Bankr.C.D.Cal. 1985), chapter 13 debtors operated a fast food restaurant and filed a motion to assume the unexpired lease approximately four and a half months after they filed a chapter 13 petition. Shortly thereafter, the lessor filed a motion for order of rejection of lease agreement.

The court in *Dulan* applied § 365(d)(4) without discussion and found that the debtors had not assumed the lease within the sixty (60) days. The court held,

[i]n the present case, debtors Chapter 13 petition was filed on January 16, 1985;

therefore, the last day to assume the nonresidential lease here involved was March 17, 1985. Under [*In re By-Rite Distributing, Inc.,* 47 B.R. 660 (Bankr.D. Utah 1985)], there was no assumption of the lease in this case within the prescribed time. 52 B.R. at 741.

Although the debtors had not assumed the lease timely, the court found that the evidence indicated that the lessor may have waived timely assumption of the lease. *Id.* Therefore, the court stated that the debtors at least were entitled to an evidentiary hearing on the question of "whether they should be excused on equitable grounds from their failure to timely exercise the option to extend the lease." *Id.* at 743. For the reasons set forth below, this court disagrees with *Dulan's* application of § 365(d)(4) to a chapter 13 debtor.

■ The trustee is correct when he argues that the Code does not authorize him to operate the debtor's business. 11 U.S.C. § 1302 specifies the duties of a trustee. None of those duties authorize a trustee to operate the debtor's business.[1]

■ By contrast, 11 U.S.C. § 1304(b) allows a chapter 13 debtor engaged in business to operate the business. Section 1304(b) states,

[u]nless the court orders otherwise, a debtor engaged in business may operate the business of the debtor and, subject to any limitations on a trustee under sections 363(c) and 364 of this title and to such limitations or conditions as the court prescribes, shall have, exclusive of the trustee, the rights and powers of the trustee under such sections.

11 U.S.C. § 365(d)(4) is inconsistent with § 1304.[2] If it is the debtor who is to operate the business, how can the trustee make a decision on whether a lease of nonresidential real property should be assumed or rejected? It would not be practical to burden a trustee with having to make this

---

1. If the debtor is engaged in business, § 1302(c) provides that the trustee has the additional duties specified in §§ 1106(a)(3) and (4). Those duties are to investigate the financial condition of the debtor and to file a statement of that investigation.

2. Courts have held that a specific provision of chapter 13 will control over a non-chapter 13 general provision. *Matter of Aycock,* 15 B.R. 728, 729–30 (Bankr.E.D.N.C.1981).

decision when the trustee will never operate a business.

11 U.S.C. § 1322(b)(7) provides that a chapter 13 plan may

> subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section.

If the debtor is the person authorized to operate the business, the debtor, by way of the confirmed plan, should decide the question of assumption or rejection. Of course, nothing prevents a lessor from filing a motion to compel a debtor to assume or reject a lease at any time.

Even though the court finds that § 365(d)(4) does not apply to a chapter 13 debtor, the policy underlying the enactment of § 365(d)(4) is still met. Section 365(d)(4) was enacted to remedy the problems caused by a long term vacancy of space by a tenant debtor. 130 Cong.Rec. S8894–95 (daily ed. June 29, 1984) (remarks of Senator Hatch). The legislative history indicates that the drafters were concerned with the extended period of time tenant space could remain vacant before the bankruptcy court ordered the trustee to decide whether to assume or reject the lease. *Id.* The drafters saw this problem occurring in shopping centers and other nonresidential structures. *Id.*

Records in the clerk's office indicate that the majority of chapter 13 cases have a plan confirmed within two to four months after the petitions are filed. In other words, by way of a confirmed plan, a lessor should know if a debtor lessee intends to assume or reject a lease within two to four months after a petition is filed. The concern of the drafters that tenant space not remain vacant for an extended length of time is satisfied.

The court intends to deny Perko's motion to compel debtors in possession to turnover nonresidential property to sublessor and to grant the debtor's motion to assume executory contract. The other two motions filed by the debtor are moot. Counsel for the trustee shall prepare and submit findings of fact, conclusions of law, and a separate order consistent with this notice of intended decision.