In the Matter of MK LABORATORIES, INC., Debtor.

MK LABORATORIES, INC., Plaintiff,

v.

INTERNATIONAL DEVELOPERS, A Partnership Composed Of Alfred Lenoci, Donald Sherman and Matthew Vetro, Defendants.

Bankruptcy No. 2–87–00562.
Adv. No. 2–87–0137.

United States Bankruptcy Court,
D. Connecticut.

April 27, 1988.

Robert U. Sattin, Reid & Riege, P.C., Hartford, Conn., for debtor/plaintiff.

John G. Betar, Jr., Betar, Quatrella & Hendrie, Bridgeport, Conn., for defendants.

Ira S. Greene, Gainsburg, Greene & Hirsch, Purchase, N.Y., for Creditors' Committee.

RULING ON COMPLAINT SEEKING
DECLARATORY JUDGMENT

ROBERT L. KRECHEVSKY, Chief
Judge.

## I.

This core matter has been submitted by the plaintiff-debtor and the defendant-landlord for a decision based upon a stipulation of facts and upon briefs. The issue to be resolved is whether an option to renew an existing lease between the debtor and the landlord has expired by the passage of time or may still be exercised by the debtor.

## II.

MK Laboratories, Inc., the debtor, filed a chapter 11 petition on May 22, 1987. At that time, it occupied premises known as 406–424 Grasmere Avenue, Fairfield, Connecticut, under a lease from the landlord containing an initial 10–year term ending June 30, 1988. The premises consisted of approximately 286,000 square feet of floor space in a building where the debtor conducted a beauty aids and pharmaceutical manufacturing business. The lease provides for two successive options to renew for five years each, "provided that ... the [debtor] is not in default at the time of executing its option or at the commencement of the renewal term ... ." The lease further requires that notice to the landlord of the exercise of the option must be "in writing not less than ten (10) months prior to the expiration of the then existing term of [the] [l]ease, time for such exercise being of the essence."

At the date of filing of its petition, the debtor was in arrears in its obligation under the lease to pay real property taxes in the approximate amount of $114,000.00. September 1, 1987 is the latest date by which the debtor could notify the landlord of its intention to exercise the first option to renew the lease. The debtor admittedly sent no such timely notice. The question briefed by the parties is whether or not state law or bankruptcy law will intervene to prevent the loss of the debtor's right to renew the lease.

## III.

After full consideration of all arguments presented, I conclude that the debtor's right to renew the lease remains viable as a result of post-petition court orders consented to by the landlord, the application of doctrine contained in § 365(d)(3) of the Bankruptcy Code, and equitable principles.

Section 365 deals in great detail with the treatment in the bankruptcy court of executory contracts and unexpired leases of the debtor. If a lease is to be assumed, § 365(b)(1)(A) provides that all lease defaults be cured at the time of assumption. Section 365(d)(4) requires that a debtor's estate assume or reject a lease of nonresidential real property within 60 days after the order for relief or within such additional time as the court, within the 60–day period, fixes. Otherwise, the lease is deemed rejected. In this proceeding, the landlord concedes that through various orders the court has properly extended the time for the debtor to assume or reject the lease to May 30, 1988.[1]

Section 365(d)(3) provides that until a nonresidential real property lease is assumed or rejected, the debtor shall timely perform all lease obligations. This section also states that for cause the court may extend the time for performance of any obligation that arises within 60 days after the date of the order for relief, but such time shall not be extended beyond the 60–day period. For obligations that first arise after the 60–day period, the statute is silent. Logic, however, dictates that in such a situation the court can order an appropriate extension for performance especially when the landlord expressly or impliedly consents to an extension. *Cf. In re Dulan,* 52 B.R. 739, 741 (Bankr.C.D.Cal.1985) (landlord may waive protections afforded by § 365(d)(4)).

1. The court order entered December 2, 1987 provides *inter alia*: "By agreement of the parties as announced in open Court, the debtor shall be permitted an additional time period within which to move to assume its unexpired lease, up to and including May 30, 1988."

**14**

The landlord argues, in effect, that timely exercise of the option was a "requirement" imposed on the debtor by the lease, notwithstanding the debtor's interim nonassumption of the lease, with time being of the essence. I find, under the stipulated facts of this proceeding, that such timely exercise constitutes a lease obligation. But, as the following described events reveal, the landlord will be deemed to have consented to an extension of the time for the exercise of the option.

On September 28, 1987, the court approved a stipulation signed by the debtor and the landlord to extend to October 20, 1987 the period within which the debtor shall assume or reject the lease. A "whereas clause" in the stipulation recited that the debtor was occupying the property "under a lease having approximately 11 years to run at a rental which, upon information and belief, is below the current market rental for similar properties ...." In light of the fact that the original term of the lease at that time only had nine months to run, and the option date of September 1, 1987 had already expired, the parties manifestly were acting as if the extension of time agreed to applied both to the obligation to give notice of the exercise of the option as well as to the filing of a motion to assume the lease. On October 21, 1987, identical language describing the lease as one having "approximately 11 years to run" was used in a further stipulation, signed by the debtor and the landlord and approved by the court, extending the time to assume or reject the lease. On November 5, 1987, November 24, 1987, and December 2, 1987, the court entered additional orders further extending the time for assumption of the lease, which orders the landlord did not stipulate to in writing as in the case of the September and October orders, but which orders were entered with the approval of the landlord.

Only one reasonable conclusion can be drawn from the foregoing recitation. The cost of assuming the lease will exceed $114,000.00. The landlord, by signing the stipulations of September 28, 1987 and October 21, 1987 referring to a lease with 11 years to run, either actually or impliedly agreed to a corresponding extension of the time to exercise the option to renew, or is estopped to deny such an agreement. The landlord thereafter consented to further extensions of time to assume the lease, and it may not, in a court of equity, now seek to limit the assumable term of the lease to a month or two. Accordingly, a judgment may enter declaring that the first option contained in the lease between the debtor and the landlord is simultaneously exerciseable upon the court's approval of the assumption of the lease under the provisions of § 365(b)(1) of the Bankruptcy Code.