**In re Bruce TULIO, Debtor.**

**Bankruptcy No. 88–14159S.**

United States Bankruptcy Court,
E.D. Pennsylvania.

June 8, 1990.

---

Carol B. Eisenberg, Philadelphia, Pa., for debtor.

Geri H. Gallagher, Haverford, Pa., for Landlord.

Edward Sparkman, Philadelphia, Pa., Standing Chapter 13 Trustee.

## MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

The Debtor's landlord appears to contend that the instant contested matter presents an issue of the impact of the failure of a debtor-tenant to assume a non-residential realty lease, pursuant to 11 U.S.C. § 365(d)(4), upon a motion by a landlord for relief from the automatic stay to recover possession of non-residential realty of a Chapter 13 debtor-tenant. We conclude that, at this juncture, the Landlord has not properly raised the issue of the ramifications of § 365(d)(4) upon this scenario, and therefore, we will continue the automatic stay in effect on the condition that the Debtor resume rent payments and promptly administer his inexplicably-delayed Chapter 13 case. We will reserve consideration of the impact of § 365(d)(4) on the Landlord's rights to possession of the Premises, which are not so clear given the Landlord's apparent violation of the automatic stay, until an appropriate motion is invoking these Code provisions are presented to us.

The Debtor, BRUCE TULIO ("the Debtor"), filed the instant Chapter 13 case on November 30, 1988. Despite the long duration of this case, there has neither been a meeting of creditors pursuant to 11 U.S.C. § 341 or a Confirmation hearing. This situation, apparently caused by oversight by the Clerk's Office and/or the Trustee engendered by the Debtor's late filing of his Schedules, will also be remedied by our enclosed Order.

On March 11, 1990, TERRANCE LEES ("the Landlord") filed the instant motion seeking relief from the automatic stay to proceed with the eviction of the Debtor and his co-tenant wife, Alexis A. Tulio, from premises identified as 2518 Philmont Avenue and Block 10, Unit 26 of 2550 Philmont Avenue, Huntingdon Valley, Pennsylvania ("the Premises"), based on a Lease Agreement of March 15, 1984 ("the Lease"), extending through March 15, 1993, in which the designated rental is $250 per month. The motion alleged payment defaults, present non-user of the Premises, and past use of the Premises for illegal purposes. Allegations invoking the language of both 11 U.S.C. §§ 365(d)(1) and (d)(2) appear. No reference is made to § 365(d)(4).

The Debtor promptly answered, denying most of the motion's allegations. The hearing was continued several times by agreement of the parties, with the stay to remain effect, apparently due to the Landlord's criminal-law difficulties. We permitted a third continuance until June 5, 1990, on the express condition that it would be the last.

The only witnesses at the brief hearing of June 5, 1990, were the Debtor himself and Shelly Novak ("Novak"), the "bar manager and supervisor" of the Premises, spokesperson for the Landlord due to his apparent involvement in a criminal case in another court. Novak testified that she last received a rental payment from the Debtor in April, 1989; that the Debtor had not maintained the Premises; and that, when in possession, he had used it as a site to distribute illegal drugs. The Debtor, however, testified that, at the Landlord's request, he had paid the rent directly to the Landlord directly through August, 1989, at which time he claimed that the Landlord locked him out of the Premises. The Debtor claimed that he wished to use the Premises, as in the past, as a store to sell carpeting, not engage in drug trafficking. Novak admitted that the lock-out had occurred, but claimed that she had informed the Debtor that she had keys to the Prem-

ises which she would present to him upon request, and he had never requested same.

It was only when we began to express skepticism of the availability of the keys and some disdain for the equities of the Landlord's position that counsel for the Landlord mentioned the possible relevance of § 365(d)(4). The Debtor's counsel admitted that no motion to assume the lease had ever been filed by the Debtor.

We conclude that, at this juncture, the introduction of the impact of § 365(d)(4) is a red herring. Except for argument by counsel at the tail-end of the hearing, neither the Landlord's motion nor his presentation at the hearing invoked or related to § 365(d)(4).

█ Moreover, relief from the automatic stay does not necessarily follow even if a lease is deemed rejected under § 365(d)(4). *See In re Elm Inn, Inc.*, 105 B.R. 546, 549 (9th Cir. BAP 1989); and *In re Boston Business Machines*, 87 B.R. 867, 871–71 (Bankr.E.D.Pa.1988). One court has questioned whether § 365(d)(4) applies at all in Chapter 13 cases. *In re Dodd*, 73 B.R. 67, 68–69 (Bankr.E.D.Cal.1987). Assuming *arguendo*, as we did in *In re Adams*, 65 B.R. 646, 648–49 (Bankr.E.D.Pa.1986), that § 365(d)(4) *does* apply in Chapter 13 cases, we acknowledge the presence of a body of cases holding that a landlord may waive the protection of his interests set forth in § 365(d)(4) by conduct inconsistent with rejection of a lease. *See, e.g., In re Ranch House of Orange–Brevard, Inc.*, 773 F.2d 1166, 1168–69 (11th Cir.1985); *In re Austin*, 102 B.R. 897, 900–01 (Bankr.S.D.Ga. 1989); *In re THW Enterprises, Inc.*, 89 B.R. 351, 355–57 (Bankr.S.D.N.Y.1988); and *In re T.F.P. Resources, Inc.*, 56 B.R. 112, 114–16 (Bankr.S.D.N.Y.1985).

Furthermore, it is clear that the automatic stay, per 11 U.S.C. § 362(a)(3), protects a debtor's post-petition right to possession of realty. *See In re Atlantic Business & Community Corp.*, 901 F.2d 325 (3d Cir. 1990); and *In re Whitt*, 79 B.R. 611, 614–15 (Bankr.E.D.Pa.1987). A landlord's refusal to acknowledge the impact of the automatic stay, by officiously dispossessing the debtor post-petition, may be a factor which counteracts the failure of the Debtor to invoke § 365(d)(4). *See Boston Business Machines, supra;* and *Adams, supra. But see In re U.S. Fax, Inc.*, 114 B.R. 70, 71–73 (E.D.Pa.1990) (court disapproves *Adams'* holding that a landlord is required to resort to state court to obtain possession of a premises after a lease is deemed rejected under § 365(d)(4)). The factual circumstances here are very reminiscent of those of *Boston Business Machines*, in which we awarded the debtor damages in light of the landlord's violation of the automatic stay, but commuted these damages if and only if the landlord allowed the debtor to belatedly assume the lease. 87 B.R. at 873, 874.

The foregoing discussion is included merely to illustrate that, had the Landlord properly pleaded and invoked § 365(d)(4), it is nevertheless not a foregone conclusion that he would have succeeded in obtaining possession of the Premises in light of the instant facts.

However, we find that, since the Landlord did not properly plead or raise § 365(d)(4), nor seek a determination that the Lease was rejected, we are obliged to consider the merits of the Landlord's instant motion under § 362(d) apart from considerations of § 365(d)(4).

█ As pleaded, the Landlord's claim that he has cause for eviction is based upon his allegation that the Debtor has not paid the $250 monthly rent for the Premises since April, 1989. However, we credit the Debtor's testimony that he paid the rent through August, 1989, directly to the Landlord, and that he ceased making payments only when the Landlord locked him out of the Premises. We agree with the Debtor's implied contention that the Landlord's officious act of locking him out violated both state law, *see, e.g., Solomon v. Neisner Bros.*, 93 F.Supp. 310, 313–14 n. 9 (M.D.Pa. 1950), *aff'd*, 187 F.2d 735 (3d Cir.1951), and cases cited therein, and § 362(a) of the Bankruptcy Code. *See Atlantic Business, supra.* Given the contractual nature of the landlord-tenant relationship, this complete breach of the Landlord's duty to allow the

tenant to retain quiet possession of the Premises should excuse any obligation to pay rent. *See Pugh v. Holmes*, 486 Pa. 272, 291–92, 405 A.2d 897, 906–07 (1979); *Kahn v. Bancamerica–Blair Corp.*, 327 Pa. 209, 212–13, 193 A. 905, 906–07 (1937); and *Tiley v. Moyers*, 43 Pa. 404, 410 (1862).

Payment of only such periodic payments as are actually legally due to the landlord constitutes sufficiently adequate protection of the Landlord's interests in the Premises. *See In re Dabney*, 45 B.R. 312, 313–14 (Bankr.E.D.Pa.1985). In our accompanying Order, we will require such payments, but only after the Landlord restores the Debtor to possession.

■ Insofar as 11 U.S.C. § 362(d)(2) is concerned, assuming its applicability to Chapter 13 cases, *but see In re Crompton*, 73 B.R. 800, 811 (Bankr.E.D.Pa.1987), the Debtor testified, without rebuttal, that he needs to recover the Premises to conduct his carpeting business there, which he testified is in turn necessary to fund his Plan. Therefore, the Landlord has not satisfied the requirement of § 362(d)(2)(B), requiring a showing that the Premises is not necessary to the Debtor's reorganization, by a preponderance of the evidence. We recognize that § 362(d)(2)(B) requires that a debtor establish that his proposed reorganization is likely to be successful. *United Savings Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375–76, 108 S.Ct. 626, 632–33, 98 L.Ed.2d 740 (1988); *In re Mitchell*, 75 B.R. 593, 598–99 (Bankr.E.D.Pa.1987); and *Crompton, supra*, 73 B.R. at 811. We will therefore also require that the creditors' meeting and confirmation hearing be promptly scheduled and a plan carried forward to confirmation as other conditions for the retention of the automatic stay in place.

However, if these conditions are met, we will not grant the Landlord relief at this juncture. An appropriate Order, consistent with the conclusions reached herein, will be entered.

## ORDER

AND NOW, this 8th day of June, 1990, after a hearing of June 5, 1990, on the Motion of Terrance Lees ("the Landlord") to obtain relief from the automatic stay in order to evict the Debtor from rental premises at 2518 Philmont Avenue, and Block 10, Unit 16, 2550 Philmont Avenue, Huntingdon Valley, Pennsylvania ("the Premises"), and upon observing that administration of this case has been inexplicably delayed, it is ORDERED AND DECREED as follows:

1.  A meeting of creditors pursuant to 11 U.S.C. § 341 shall be noticed and scheduled by the Chapter 13 Trustee forthwith, in order that the meeting is conducted on or before July 13, 1990.

2.  A confirmation hearing in this case is scheduled on

TUESDAY, OCTOBER 16, 1990, at 10:00 A.M. and shall be held in Courtroom No. 2 (Room 3718), United States Court House, 601 Market Street, Philadelphia, PA 19106.

3.  The automatic stay shall remain in effect only if and only as long as the Debtor performs each of the conditions set forth in paragraph 5 *infra*.

4.  The Landlord shall deliver the keys to the Premises to the Debtor's counsel on or before June 15, 1990.

5.  The Debtor shall

a.  Assuming that paragraph four is complied with, make the monthly rental payments of $250 to the Landlord on or before June 25, 1990, and the 25th day of each successive month, until the confirmation of a plan or further order of this court providing otherwise.

b.  File a motion to assume the Lease of the Premises of March 15, 1984, between the Debtor and the Landlord on or before July 6, 1990, and obtain an order allowing assumption of the Lease on or before August 1, 1990.

c.  Make all payments due to the Trustee under his proposed Chapter 13 Plan of Reorganization and take all steps necessary to assure prompt administration of this case, including confirmation of a Plan on October 16, 1990.

6.  If the Landlord believes that the Debtor has not performed any of the condi-

 

tions set forth in paragraph five *supra*, he may provide written notice to the Debtor and his counsel listed below and, if performance is not made to the satisfaction of the Landlord or the Debtor does not file an expedited Motion for relief from this Order within fifteen (15) days, the Landlord may certify same to the court, and upon the entry of a further Order by this court, may proceed with any state court remedies to gain possession of the Premises.