**In re Robert A. ROCCHIO, Dorothy A. Rocchio, Debtors.**

**Bankruptcy No. 90-12252.**

United States Bankruptcy Court, D. Rhode Island.

March 29, 1991.

Martin Malinou, Providence, R.I., for debtors.

Joseph A. Sciacca, Piccirilli & Sciacca, Cranston, R.I., for United Properties, Inc.

John Boyajian, Boyajian, Harrington & Richardson, Providence, R.I., trustee.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on January 23, 1991 on the Motion of United Properties, Inc. (UPI) for Relief from Stay, and the Debtors' (Rocchios') objection thereto.

The relevant facts are summarized as follows:

On March 14, 1988, the Rocchios entered into a lease with UPI for the purpose of operating a laundromat in UPI's building. Among other terms, the lease provides that the Rocchios pay rent to UPI in the amount of $2,583.33 monthly, plus utilities and real estate taxes. During the Summer of 1990 the Rocchios failed to meet their lease obligations, and on October 18, 1990, UPI commenced a state court civil action for eviction. On October 29, 1990 the Rhode Island Sixth Division District Court rendered judgment in UPI's favor for possession, back rent and other obligations in the amount of $15,522.42, plus interest and costs. The Rocchios appealed the judgment to the Providence County Superior Court. Pursuant to R.I.GEN.LAWS § 34–18–53, UPI filed a motion to dismiss the Rocchios' appeal for failure to pay post judgment rent. On the morning UPI's motion was scheduled to be heard in State Court, the Rocchios filed the instant Chapter 13 petition, and UPI's motion to dismiss the appeal was stayed, in accordance with 11 U.S.C. § 362. Now UPI requests relief from stay in order to continue its state court eviction litigation. The Rocchios (now, the Debtors) remain in possession and are not paying rent, nor have they offered to do so.

■ In opposition to UPI's motion for relief from stay, the Debtors argue that § 365(d) allows the Trustee until confirmation of a plan to assume or reject a lease.[1] Therefore, the Debtors submit, UPI is not entitled to relief from stay during the period between the filing of the bankruptcy petition and confirmation of the Chapter 13

plan. This argument, although unique, is totally without merit. The Trustee does not have the benefit of the stay through confirmation of the plan, as the Debtors argue, and in relying upon 11 U.S.C. § 365(d)(2), they overlook or ignore the fact that § 365(d)(2) only applies to leases of residential real property—clearly, not the case here.

■ Debtors also argue that the automatic stay should remain in force to afford them an opportunity to argue for "a lease modification invoking the equity powers of the court." Specifically, they seek to have the Court modify the subject lease by lowering the monthly rent 50%, from $2,583.33 to $1,292.67, retroactive to the beginning of the tenancy! The Debtors submit that they can present a plan, if they obtain the aforedescribed lease modification. There has been no showing, either factually or legally, that such a modification is either warranted or authorized.

Section 365 prescribes the conditions under which a trustee may assume or reject an executory contract or unexpired lease. Subsection (a) of § 365 provides that, subject to the court's approval, the trustee may assume or reject any executory contract or unexpired lease held by the debtor. Subsection (a), however, interfaces with subsections (b), (c), and (d) of § 365, and for our purpose, subsection (d) governs, since it applies to unexpired leases of real property. In 1984, Congress amended subsection (d) of § 365 by adding subparagraphs (3) and (4), which provide special protection for lessors of nonresidential real property.[2] 2 *Collier on Bankruptcy*

---

1. Upon the filing of a Chapter 13 petition, a trustee is appointed. 11 U.S.C. § 1302. Thereafter, a Chapter 13 debtor engaged in business may continue to operate the business, notwithstanding the appointment of a trustee. 11 U.S.C. § 1304. Although § 365(d) allows only the trustee to assume or reject a lease, § 1322(b)(7) allows a Chapter 13 debtor to assume or reject a lease through the Chapter 13 plan. *See* §§ 1321 and 1322(b)(7). Further, lease assumption under § 1322(b)(7) is subject to § 365 of the Code. Thus, a Chapter 13 debtor must meet the same requirements as the trustee under § 365. *In re Damianopoulos*, 93 B.R. 3 (Bankr.N.D.N.Y.1988); *In re Aneiro*, 72 B.R. 424 (Bankr.S.D.Cal.1987); but *see In re Dodd*, 73

B.R. 67, 69 (Bankr.E.D.Cal.1987) ("... Section 365(d)(4) does not apply to a chapter 13 debtor....").

2. Moreover, Congress' intent to give special protection to the lessor of nonresidential real property is also revealed by the addition of paragraph 10 to § 362(b) through the 1984 amendments. Section 362(b)(10) provides in relevant part:

The filing of a petition under this title does not operate as a stay ... of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under

§ 365.03 (15th ed. 1990). Section 365(d)(3) provides:

> The trustee shall timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected....

Furthermore, § 365(d)(4) requires the trustee to assume or reject a nonresidential lease within 60 days after the filing of the bankruptcy petition.[3] If the trustee does not assume the lease within 60 days after the order for relief, then the lease is deemed rejected.[4] Once the lease is rejected "the trustee shall immediately surrender such nonresidential real property to the lessor." 11 U.S.C. § 365(d)(4).

At the January 23, 1991 hearing on UPI's Motion for Relief from Stay, it was established that the Debtors owe $18,105.75 in prepetition rent, and $2,583.33 postpetition. The Debtors' failure to pay postpetition rent, together with a total absence of evidence that they will: (1) cure the default, (2) provide adequate protection, or (3) give adequate assurance of future performance, all violate the clear requirements of § 365(d)(3), and we hold that said violations (individually and cumulatively) constitute "cause" under § 362(d)(1) to lift the stay and to allow UPI to continue the state court eviction litigation.[5]

Further, since it has been more than 60 days since the Order for Relief, without a request for an extension, by operation of § 365(d)(4), the lease is automatically deemed rejected.[6]

Accordingly, it is ORDERED that:

1) UPI's Motion for Relief from Stay is GRANTED;

2) The Rocchios are ORDERED to surrender and vacate the premises forthwith, and they are forewarned that sanctions are a real possibility if they violate either the letter or the spirit of this Order.

Enter Judgment consistent with this opinion.

---

this title to obtain possession of such property;

3. 11 U.S.C. § 365(d)(4) states in relevant part:

> ... if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief ... then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

4. During the 60 day period set out in § 365(d)(4), the court is authorized to extend *the period within which the trustee may assume* or reject an unexpired lease of nonresidential real property. In the present case the Debtors have not sought such an extension, and neither has the Chapter 13 Trustee.

5. Section 365(d)(3) is silent as to the consequences of a trustee's failure to "timely perform all the obligations of the debtor" after the order for relief. "The [consequences of a § 365(d)(3) violation] will ultimately be developed on a case by case basis." 2 *Collier on Bankruptcy* § 365.3 (15th ed. 1990). In the present circumstances, the Court has no alternative other than to lift the stay.

6. In *In re Aneiro,* 72 B.R. 424 (Bankr.S.D.Cal.) 1987, a provision in the debtor's Chapter 13 plan assuming a lease of nonresidential real property satisfied the debtor's burden to assume the lease within the 60 days required by § 365(d)(4). *Id.* at 427. The *Aneiro* court reasoned that this result was in line with the liberal policies underlying Chapter 13 relief. *Id.* at 428.

Although the Rocchios did file a plan within 60 days from the order for relief, it does not provide for assumption of the lease. Instead *the plan seeks a modification of the lease* by cutting the monthly rent in half. If, as the *Aneiro* court held, something less than a motion is sufficient to assume a lease under § 365(d)(4), the modification provision in the Debtors' plan certainly does not constitute "the clear, unequivocal, affirmative and specific act of assumption required." *In re Damianopoulos,* 93 B.R. at 6 (Bankr.N.D.N.Y.1988) (citations omitted). Quite to the contrary, the Debtors' proposed modification much more closely resembles a rejection, than an assumption of the lease.