In re **Manning F. FORD, Jr., Debtor.**

**Bankruptcy No. 93–32649.**

United States Bankruptcy Court,
W.D. Washington.

Oct. 5, 1993.

David D. Cullen, Olympia, WA, for debtor.

James V. Handmacher, Tacoma, WA, for Kwak.

## DECISION AND ORDER ON MOTIONS re: LEASE

PHILIP H. BRANDT, Bankruptcy Judge.

Debtor Manning F. Ford, Jr., d/b/a Holly Motel, filed his Petition under Chapter

13 of the Bankruptcy Code[1] on 9 July 1993, his original Plan on 26 July, an Amended Plan on 6 August, and an Amended Plan (Modified) on 8 September. Paragraph III.1 of each Plan reads: "The following executory contracts and leases are rejected: None[.]" The Order and Notice setting the first meeting of creditors and confirmation hearing summarizes the Plan but makes no reference to executory contracts or leases. Evidently none of the Plans was served on creditors.

Sixty one days after Ford's filing Jin and Jung Kwak, landlords of his motel premises, filed their Motion to Confirm Rejection of Lease and Compel Surrender of Property, as well as their Objection to Confirmation.[2] Kwaks' theory is that Debtor, having not moved to assume or reject their lease of nonresidential real property within 60 days, is deemed to have rejected that lease. Section 365(d)(4).[3]

Ford countered with his Motion to Accept Executory Contract, seeking to "reaffirm" the lease and an order "recognizing his acceptance" of it.[4] His response to Kwaks' motion is that § 1322(b)(7), rather than § 365(d)(4), controls in Chapter 13, relying on *In re Alexander*, 670 F.2d 885 (9th Cir.1982) and *In re Dodd*, 73 B.R. 67 (Bankr.E.D.Cal.1987). Section 1322(b)(7) provides: "... subject to section 365 of this title, [the plan may] provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section...."

■ Unfortunately for Debtor, *Alexander* predates the 1984 amendment which added the initial clause "subject to section 365 of this title" to § 1322(b)(7).[5] *Dodd*, decided after that amendment, holds § 365(d)(4) inapplicable in Chapter 13, but has not been followed. Rather, the majority view is that § 365 applies in Chapter 13 cases, but that its requirements may be satisfied through the plan process, *In re Aneiro*, 72 B.R. 424 (Bankr.S.D.Cal.1987); *In re Wallace*, 122 B.R. 222 (Bankr.D.N.J. 1990).[6] Construing the two Code sections together, and giving effect to each, yields the conclusion that § 365 governs the assumption of contracts and leases in Chapter 13 cases.

■ Ford correctly notes that a motion to assume, if made, need not be granted

---

1. 11 U.S.C.: references to "§", "Section" or to "Chapter" without more, are to the Bankruptcy Code.

2. This motion and debtor's responsive motion are core proceedings, and this Court has jurisdiction. 28 U.S.C. § 157(b)(2)(A), (E), (M) and (O); GR 7, Local Rules W.D.Wash.

3. Which provides:
   ... in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.
   Ford's Petition is the order for relief, §§ 102(6), 301. No motion to extend was filed.

4. Ford also states in his responsive affidavit that he lives on the premises, and suggested at hearing that fact takes the motel out of § 365(d)(4)'s "nonresidential real property" category, citing no authority. Absent authority, I am unwilling to rule that Debtor's residence in one of a number of motel units makes a commercial property residential.

5. Section 528(b)(3)(A) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353.

6. See also, *In re Damianopoulos*, 93 B.R. 3 (Bankr.N.D.N.Y.1988) (granting post-confirmation relief from stay: lease not assumed by plan and property therefore outside estate); *In re Rocchio*, 125 B.R. 345 (Bankr.D.R.I.1991) (granting pre-confirmation relief from stay: debtor must perform trustee's duties under § 365 to assume); and *In re Liggins*, 145 B.R. 227 (Bankr.E.D.Va.1992) (cure of lease default via 48–month plan does not satisfy § 365(b)(1)(A) requirement to "promptly cure").

within the first 60 days,[7] and submits that his Plan is that motion. However, a motion is made by service on the opponent, *In re Sonoma V*, 703 F.2d 429 (9th Cir.1983), and Debtor served none of his Plans.[8] None of the Plans expresses a clear, unequivocal, affirmative intention to assume the Kwak lease,[9] or sets out the minimal cure, compensation, and adequate assurance requirements of a motion to assume under § 365(b)(1),[10] *In re Damianopoulos*, 93 B.R. 3 (Bankr.N.D.N.Y.1988); *In re Sea Harvest Corp.*, 868 F.2d 1077 (9th Cir. 1989). Debtor did not file or serve a sufficient motion to assume the Kwak lease within 60 days of filing.

Since Debtor's Motion to Accept ... was served outside the 60–day limit, I need not consider its adequacy.

Kwaks' Motion is GRANTED, and Ford's DENIED. Debtor is ORDERED promptly to surrender the leased premises to the Kwaks.

---

**7.** *In re Southwest Aircraft Services, Inc.*, 831 F.2d 848 (9th Cir.1987), *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988).

**8.** Because the Order and Notice ... did not mention leases, there was not even notice, contrary to Fed.R.Bankr.P. 6006, and raising arguably due process issues. *In re Parkwood Realty Corp.*, 157 B.R. 687 (Bankr.W.D.Wash.1993).

**9.** None of Ford's Plans contains an explicit reference to the Kwak lease or leasehold, nor do his Schedules or Statement of Affairs.

**10.** If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.