**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2221
_____

In re: JOSEPH H. LAU AND RAQUEL R. LAU, Debtors


JOSEPH H. LAU AND RAQUEL R. LAU,
Appellants

v.

BANK OF AMERICA, N.A.; MERSCORP HOLDINGS, INC.; FANNIE MAE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 3-15-cv-06413)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2017
Before:  RESTREPO, SCIRICA and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 27, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Joseph and Raquel Lau appeal from two orders of the United States District Court for the District of New Jersey, affirming on appeal an order issued by the United States Bankruptcy Court for the District of New Jersey. Finding no error, we will affirm.

**I.**

The facts are well-known to the parties, so we will only recount those necessary to our decision. On July 31, 2006, Joseph Lau executed a note in favor of Countrywide Bank, N.A. (the "Note") to purchase a home. Along with the Note, Joseph and Raquel Lau (the "Laus") executed a mortgage to secure the amounts due (the "Mortgage"). The Mortgage named Mortgage Electronic Registration Services, Inc. ("MERS") as mortgagee and nominee for Countrywide Bank, N.A. and its successors and assigns. Countrywide Bank, N.A. indorsed the Note to Countrywide Home Loans, Inc., who indorsed the Note in blank. On December 3, 2012, MERS assigned the Mortgage to Bank of America, N.A. ("BOA"), successor by merger to BAC Home Loan Servicing, L.P. ("BAC") f/k/a Countrywide Home Loans Servicing, LP. According to public records adduced in the bankruptcy court adversary proceeding, BOA is the current holder, assignee, and servicer of the loan documents, while Federal National Mortgage Association ("Fannie Mae") is the current owner (or "investor") of the loan documents.[1]

---

[1] Despite their allegations of fraud, the Laus have never refuted the existence of these public records.

2

On October 6, 2009, the Laus filed a Chapter 13 bankruptcy. On December 30, 2009, BAC filed a proof of claim ("POC") in the Laus' bankruptcy case. The Bankruptcy Court confirmed the Laus' plan (the "Plan") on June 24, 2010, they made their payments of $71,926.57, in full, in accordance with the Plan, and they received their discharges. Shortly after making their final Plan payments, the Laus instituted an adversary proceeding against (1) BOA and its subsidiaries including BAC Home Servicing, L.P., Bank of America Home Loans, f/k/a Countrywide Home Loans, d/b/a under trade name America's Wholesale Lender, etc.; (2) Merscorp Holdings, Inc. ("MHI") and its subsidiary MERS; and (3) FannieMae. The underlying basis of the adversary proceeding was several categories of documents filed or sent to the Laus during the bankruptcy.[2]

The Appellees filed a first Motion to Dismiss the Adversary Proceeding on November 24, 2014. The Bankruptcy Court granted it in part and denied it in part. The Order, entered on January 5, 2015, stated that the causes of action for slander of title, perjury, and automatic stay violations were dismissed with prejudice. The Laus' slander of title claims had alleged an incurable chain of broken title, an irreparable bifurcation of the Laus' instruments, violation of the recording statutes, violation of the statute of

---

[2] These included the POC; the copy of the Note attached as an exhibit to the POC; the assignment of mortgage from MERS to BOA; four "Notice(s) of Mortgage Payment Change" filed in the bankruptcy by BOA; two "Statement(s) in Response to Notice of Final Cure" filed in the bankruptcy by BOA; a "Notice of Intention to Foreclose" sent to

frauds, and also the claim that clear title may not derive from fraud. Additionally, the January 5, 2015 Order dismissed with prejudice the claims of fraud based upon 18 U.S.C. §§ 152, 157, 371, 513, 514, 1343 and 31 U.S.C. § 3729, because those sections do not provide for a private right of action, and, further, dismissed all claims against MHI. Critically, the Laus never appealed the January 5, 2015 Order to the District Court. In the process of arguing the first motion to dismiss, the Laus admitted to borrowing the money at issue, promising to pay it back, and falling behind on monthly mortgage payments. However, the Bankruptcy Court gave the Laus an opportunity to amend their complaint to more precisely plead their causes of action for fraud.

Thereafter, the Laus filed an Amended Complaint containing twenty-five causes of action. Ten are styled as "Fraud on the Plaintiffs, Fraud on the Federal Bankruptcy Court/Trustee" for various filings throughout the course of the bankruptcy and written and oral arguments related to the first motion to dismiss. Two causes of action are "Fraud on the Plaintiffs" for the pre-foreclosure letter and the Notice of Intent to Foreclose.[3] The gravamen of the Amended Complaint was that the defendants had fraudulently misrepresented their status in bankruptcy and conspired to hide a securitization of the Laus' instruments by multiple parties in interest who had engaged in

the Laus by BOA; and a pre-foreclosure letter sent to the Laus by BOA (collectively, the "Documents").

[3] One cause of action is for an alleged Truth in Lending Act violation. Finally, the remaining twelve causes of action are for alleged violations of the Fair Debt Collection Practices Act. The Laus have expressly abandoned these thirteen claims on appeal.

slander of title, and that none of the Appellees is a real party in interest to the Laus' instruments. The Laus sought, among other things, to be given their home free and clear of any instrument and be awarded punitive damages.

The Appellees filed a second motion to dismiss, which was granted in full by the Bankruptcy Court on August 10, 2015. The Bankruptcy Court found that the Laus had failed to meet the requirements of Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). The Laus appealed to the District Court, which held argument before affirming the Bankruptcy Court in full on February 19, 2016. The Laus filed a motion for rehearing, which the District Court denied on April 5, 2016. This appeal followed.

**II.**

The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157 and 1334. The District Court had jurisdiction over the appeal of the Bankruptcy Court's decision under 28 U.S.C. § 158(a). We have jurisdiction under 28 U.S.C. § 1291. Our standard of review is clear: "We review the bankruptcy court's findings of fact under a clearly erroneous standard, and its conclusions of law under a plenary standard. Because the district court sits as an appellate court in bankruptcy cases, our review of its decision is plenary." Cinicola v. Scharffenberger, 248 F.3d 110, 115 n.1 (3d Cir. 2001) (citations omitted). In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a

5

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)).

**III.**

On appeal, the Laus challenge the District Court's affirmance of the Bankruptcy Court's dismissal of their fraud causes of action. The elements of intentional fraud in New Jersey are, "1) a material misrepresentation of presently existing or past fact; 2) knowledge or belief by the defendant of its falsity; 3) an intention that the other person rely on it; 4) reasonable reliance thereon by the other person; and 5) resulting damages." Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367 (N.J. 1997). The Bankruptcy Court concluded that the fraud counts of the Amended Complaint must fail because they do not demonstrate any material representations made by the Appellees. This is so, according to the Bankruptcy Court, because the entire Amended Complaint is based on the Documents, and the record demonstrates that those Documents are all legitimate. We agree.

Causes of action one, three, five, six, seven, eight, and nine relate to three categories of the Documents: the POC, the "Notices of Mortgage Payment Change," and the "Statements in Response to Notice of Final Cure." Federal Rule of Bankruptcy Procedure 3001(b) allows a creditor or creditor's agent to file a proof of claim and related documents. As such, these categories of Documents were properly submitted by BOA in its capacity as servicer of the loan. See, e.g., Greer v. O'Dell, 305 F.3d 1297, 1302 (11th

6

Cir. 2002) ("A servicer is a party in interest in proceedings involving loans which it services. The Bankruptcy Code and Rule 17 of the Federal Rules of Procedure each have liberal standing provisions, designed to allow a party to appear as long as it has a direct stake in the litigation under the particular circumstances."); In re Conde-Dedonato, 391 B.R. 247, 250 (Bankr. E.D.N.Y. 2008) ("A servicer of a mortgage is clearly a creditor and has standing to file a proof of claim against a debtor pursuant to its duties as a servicer."); Bankers Tr. (Del.) v. 236 Beltway Inv., 865 F. Supp. 1186, 1191 (E.D. Va. 1994) (holding that both the lender and servicer had standing to sue on mortgagor's default even though the servicer was not the holder of the mortgage); In re Tainan, 48 B.R. 250, 252 (Bankr. E.D. Pa. 1985) (determining that mortgage servicer was a party in interest for purposes of a relief from stay proceeding).

Causes of action ten and eleven concern the Notice of Intent to Foreclose and the pre-foreclosure letter sent by BOA to the Laus. The Bankruptcy Court correctly concluded that, pursuant to the New Jersey Fair Foreclosure Act, the assignment of the mortgage from MERS to BOA on December 3, 2012 allowed BOA to take steps toward foreclosure.[4] See N.J.S.A. 2A:50-55 ("'Residential mortgage lender' or 'lender' means any person, corporation, or other entity which makes or holds a residential mortgage, and any person, corporation or other entity to which such residential mortgage is assigned.").

---

[4] The initial designation of MERS as nominee did not create a fatal separation of the note and mortgage (as the Laus have repeatedly argued). See Bank of New York v. Raftogianis, 13 A.3d 435, 451 (N.J. Super. Ct. Ch. Div. 2010).

7

Thus, neither the assignment nor the subsequent foreclosure-related Documents constituted misrepresentations.

Cause of action two alleges that the copy of the Note attached to BOA's POC did not contain two indorsements, and is therefore fraudulent. The Bankruptcy Court held that "BOA, through the wealth of documents provided in this case, has established its standing both in the bankruptcy, and in the foreclosure. The Note, even without the two indorsements, did not damage [the Laus], as an allowed party appeared and participated in the bankruptcy case." Adv. Proc. Docket No. 38 at 11. Again, we agree. BOA participated in all aspects of the bankruptcy case with the full knowledge of the Laus. The Laus simply were not damaged by the copy of the Note attached to the POC; without damages, there was no fraud.

Cause of action twelve alleges that Appellees made fraudulent misrepresentations through counsel by way of written and oral arguments at the first motion to dismiss. Namely, the Laus alleged that BOA "reasserted" its false status as creditor by way of its counsel's remarks. Because BOA had the authority to file the contested Documents, statements made by Appellees in their briefs and at argument supporting the use of those Documents could not have constituted misrepresentations. This claim was properly dismissed.[5]

_____

[5] Cause of action four is specifically against MHI, in direct violation of the Bankruptcy Court's January 5, 2015 Order dismissing MHI with prejudice. The Laus did not appeal from that Order to the District Court and, thus, that Order is not within the purview of the

We have considered the remaining arguments presented in Appellants' briefs and find them to be largely duplicative of the massive Amended Complaint. Generally speaking, on appeal the Laus recycle the arguments presented below concerning the standing of the Appellees to take certain actions concerning their loan, the alleged defectiveness of certain loan documents, and alleged fraud regarding the ownership of the Laus' loan. These contentions are unpersuasive. There is no evidence of material misrepresentations upon the Laus or the Court. On the record before us, the Amended Complaint contains the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that do not suffice to survive a Rule 12(b)(6) motion to dismiss.[6] Iqbal, 556 U.S. at 678. The District Court properly affirmed the Bankruptcy Court on this basis.

The District Court also properly denied the Laus' motion for rehearing under Bankruptcy Rule 8022. This motion functions, essentially, like a traditional motion for reconsideration. The test is whether "(1) the court has patently misunderstood a party, (2) the court has made a decision outside the adversarial issues presented . . . by the parties;

---

appeal to this Court. See, e.g., Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 251 (3d Cir. 1998) ("As a general rule, we do not consider on appeal issues that were not raised before the district court in the absence of exceptional circumstances."); In re McClendon, 765 F.3d 501, 506 (5th Cir. 2014) (argument about actions of Bankruptcy Court waived because debtor did not argue that particular error of law before the District Court). Accordingly, we need not address the dismissal of cause of action four.

[6] The lower courts also concluded that the Amended Complaint failed under Federal Rules of Civil Procedure 9(b) and 8(a). We need not reach this discussion because it clearly fails under Rule 12(b)(6).

(3) the court has made an error not of reasoning but of apprehension; or (4) there has been a controlling or significant change in the law or facts since the submission of the issue to the Court." Thomas v. U.S. Bank Nat'l Ass'n, 474 B.R. 450, 456-57 (D.N.J. 2012). A motion for rehearing does not permit parties to recycle cases and arguments which the District Court already rejected in rendering its original decision.

We have reviewed the transcript of the hearing before the District Court. The Laus merely revisited old arguments. The Laus' motion was premised upon three assumptions: (1) their fraud claims were still viable; (2) Fannie Mae's status was in question; and (3) there were certain issues with the Laus' title. As discussed above, the Laus' fraud-based claims and allegations concerning Fannie Mae are negated by the record and the law. As for the title-based claims, these claims were dismissed in the Bankruptcy Court's unappealed-from January 5, 2015 Order based on statute of limitations grounds. We note that the Laus had filed a state court quiet title action but dismissed it in favor of their federal court action. On appeal of the Bankruptcy Court's ruling, the District Court again examined the Laus title-related claims and concluded that another New Jersey Superior Court action would be the proper means for the Laus to pursue any remaining title questions. We find no fault with this conclusion.

In short, the Laus did not identify any intervening change in law, present any new evidence, or point out any compelling errors of fact or law. We believe that the District Court understood the Laus and the extraordinary relief that they sought, as well as the

10

Bankruptcy Court's well thought-out reasons for dismissing their Amended Complaint. Given this, the motion for rehearing was without merit.

## IV.

For the foregoing reasons, we will affirm the District Court's Orders entered February 19, 2016, and April 5, 2016, affirming the Bankruptcy Court's Order of August 10, 2015. Appellants' motion for oral argument is denied.